JEFFREY C. KRAUSE (State Bar No. 94053),
jkrause@stutman.com
CHRISTINE M. PAJAK (State Bar No. 217173), and
cpajak@stutman.com
NEETA MENON (State Bar No. 254736), Members of
nmenon@stutman.com
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars
12th Floor
Los Angeles, CA 90067
Telephone:  (310) 228-5600
Telecopy:   (310) 228-5788

Reorganization Counsel for
Debtor and Debtor in Possession

Debtor's Mailing Address:
1880 Century Park East, Suite 810
Los Angeles, CA  90067

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:10-39113-BR |
| LITTLE TOKYO PARTNERS, L.P., a Delaware limited partnership, | Chapter 11 |
| Debtor. | **OBJECTION TO (1) FIRST-CITIZENS BANK & TRUST COMPANY'S MOTION FOR AN ORDER EXTENDING THE TIME TO ELECT UNDER 11 U.S.C. §1111(b)(2) PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3014 AND (2) APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE** |
| | **Hearing** |
| | Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 1668<br>255 E. Temple St.<br>Los Angeles, CA  90012 |

544826v1

1    Little Tokyo Partners, L.P., the above-captioned debtor and debtor-in-possession (the
2 "Debtor") hereby files this Objection to "First-Citizens Bank & Trust Company's Motion for an
3 Order Extending the Time to Elect under 11 U.S.C. §1111(B)(2) Pursuant to Federal Rule of
4 Bankruptcy Procedure 3014" [Docket No. 133] (the "§1111(b) Motion") and Application for Order
5 Setting Hearing on Shortened Notice [Docket No. 134] (the "OST Motion"):[1]

After initially ignoring the deadline to object to the Debtor's Disclosure Statement and filing an untimely objection thereto, the Bank attempts yet another end-run around this deadline by seeking so-called affirmative relief in its §1111(b) Motion. The §1111(b) Motion, however, is nothing more than another untimely objection to the procedures sought by the Debtor in its "Notice of Motion and Motion for Order: (1) Approving the First Amended Disclosure Statement to Accompany Debtor's Plan of Reorganization; (2) Approving Form of Ballot; (3) Approving Ballot Tabulation Procedures; (4) Determining Class 5 Under the Plan is Unimpaired; and (5) Fixing Related Deadlines and Procedures" [Docket No. 93] (the "Disclosure Statement Motion"). Pursuant to the Disclosure Statement Motion, not only did the Debtor seek approval of its Disclosure Statement but it also sought the establishment of a schedule, which included, among other things, setting the deadline to elect treatment under Bankruptcy Code §1111(b) at the end of the Disclosure Statement Hearing, as set forth in Bankruptcy Rule 3014.

The Bank, however, did not raise any objections to the Disclosure Statement until almost three full days past its deadline to object. See "Objection to Motion to Approve Disclosure Statement" [Docket No. 118] ("Disclosure Statement Objection"). In apparent recognition that the untimely Disclosure Statement Objection may not be considered by this Court, the Bank now seeks to frame its objection in the form of a motion and asks that the Court consider this motion on shortened time. There is absolutely no support for the Bank's belated or "urgent" request.

The Disclosure Statement Motion expressly asked that this Court confirm the deadline for making the §1111(b) election is at the end of the Disclosure Statement hearing, as set forth in Bankruptcy Rule 3014. The Bank cannot cure its late-filed Disclosure Statement Objection

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

-2-

544826v1

by filing the §1111(b) Motion, on shortened time, to propose an alternative deadline. Other than citing to third-party commentaries, the Bank cites absolutely no case authority for its requested extension of the normal time period set forth in Fed.R. Bankr.R. 3014. This Bankruptcy Rule provides, in pertinent part, as follows:

> An election of application of § 1111(b)(2) of the Code by a class of secured creditors in a chapter 9 or 11 case may be made at any time prior to the conclusion of the hearing on the Disclosure Statement or within such later time as the Court may fix.

The Court has discretion under Bankruptcy Rule 3014 to set a later date than the conclusion of the Disclosure Statement hearing for making the election if cause exists to set a later date. The only basis that the Bank argues for such a deferred timing in the present case is that the Court has not yet determined the value of the Bank's collateral. This is true in virtually every chapter 11 case in which there is a contested confirmation hearing. If the normal rule were that the election should not be made until the time the Court fixes the value of the secured creditor's collateral, Bankruptcy Rule 3014 would state that. The Bank's argument shows no cause to extend the normal deadline set forth in Bankruptcy Rule 3014, is untimely, and is entirely unsupported.

Moreover, the Bank has had notice of the Debtor's Disclosure Statement Motion since August 31, 2010 – i.e., for more than 45 days. The Bank cites no justifiable reason, let alone any reason at all, for its delay in filing the §1111(b) Motion and seeking to have it heard on shortened time. The Bank had ample opportunity to raise its objections in timely fashion but failed to do so. The Bank's inexcusable delay does not merit any relief.

**WHEREFORE**, the Debtor respectfully requests that the Court deny the Bank's §1111(b) Motion and the OST Motion.

Dated: October 15, 2010

/s/ Christine M. Pajak
JEFFREY C. KRAUSE,
CHRISTINE M. PAJAK, and
NEETA MENON, Members of
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
Reorganization Counsel for
Debtor and Debtor in Possession

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1901 Avenue of the Stars, 12th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document described as **OBJECTION TO (1) FIRST-CITIZENS BANK & TRUST COMPANY'S MOTION FOR AN ORDER EXTENDING THE TIME TO ELECT UNDER 11 U.S.C. §1111(b)(2) PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3014 AND (2) APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 15, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

> Dan E Chambers on behalf of Interested Party Courtesy NEF
> dan.chambers@troutmansanders.com
>
> Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
> russell.clementson@usdoj.gov
>
> Peter Csato on behalf of Interested Party Courtesy NEF
> efiling@frandzel.com, banderson@frandzel.com;pcsato@frandzel.com
>
> Michael G Fletcher on behalf of Interested Party Courtesy NEF
> mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
>
> Bernard R Given on behalf of Interested Party Courtesy NEF
> bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
>
> Mette H Kurth on behalf of Creditor Committee Official Committee of Unsecured Creditors
> kurth.mette@arentfox.com
>
> Mary D Lane on behalf of Creditor Crestline Hotels & Resorts, Inc.
> mlane@pszjlaw.com
>
> Samuel R Maizel on behalf of Debtor Little Tokyo Partners, L.P.
> smaizel@pszjlaw.com, smaizel@pszjlaw.com
>
> Neeta Menon on behalf of Debtor Little Tokyo Partners, L.P.
> nmenon@stutman.com
>
> Kenneth N Russak on behalf of Counter-Defendant First Citizens Bank & Trust Company
> krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com
>
> Meghan C Sherrill on behalf of Counter-Claimant Little Tokyo Partners, L.P.
> meghan.sherrill@troutmansanders.com
>
> United States Trustee (LA)
> ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**
544833v.1

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **October 15, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

*See Exhibit A, which is attached hereto and incorporated herein by reference*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 5, 2010**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 15, 2010 | Joanne B. Stern | *Joanne B. Stern* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
544833v.1

**F 9013-3.1.PROOF.SERVICE**

# Exhibit A

## (SERVED BY FEDERAL EXPRESS

Hon. Barry Russell
U.S. Bankruptcy Court
255 E Temple St Ste 1660
Los Angeles, CA  90012-3543

Office of the US Trustee
725 S Figueroa St
Suite 2600
Los Angeles, CA 90017

Frandzel Robins Bloom Csato
Peter Csato, Esq
6500 Wilshire Blvd 17th Fl
Los Angeles, CA 90048-4920

Counsel for the Official Committee of
Unsecured Creditors
Mette Kurth, Esq. / M. Douglas Flahaut, Esq.
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
544833v.1

**F 9013-3.1.PROOF.SERVICE**