Michael Gerard Fletcher (State Bar No. 070849)
  mfletcher@frandzel.com
Bernard R. Given, II (State Bar No. 134718)
  bgiven@frandzel.com
Michael J. Gomez (State Bar No. 251571)
  mgomez@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor
First-Citizens Bank & Trust Company

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LITTLE TOKYO PARTNERS, L.P., a Delaware limited partnership,<br><br>    Debtor. | Case No. 2:10-bk-39113-BR<br><br>Chapter 11<br><br>**DECLARATION OF JACKSON YANG IN SUPPORT OF FIRST-CITIZENS BANK & TRUST COMPANY'S OPPOSITION TO DISCLOSURE STATEMENT**<br><br>DATE: October 19, 2010<br>TIME: 10:00 a.m.<br>CTRM: 1668<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

DECLARATION OF JACKSON YANG

## DECLARATION OF JACKSON YANG IN SUPPORT OF
## OBJECTION TO MOTION TO APPROVE DISCLOSURE STATEMENT

I, Jackson Yang, declare:

1. I am the manager of SEVILLE GATEWAY INVESTMENTS, LLC, a California limited liability company ("Buyer"), I have personal knowledge of the matters set forth in this Declaration, and I could and would testify competently thereto.

2. Attached hereto as Exhibit "1" is a true and correct copy of a Support Agreement and Joint Escrow Instructions ("Support Agreement") executed by Buyer and First-Citizens Bank & Trust Company, a North Carolina banking corporation ("Bank"), with regards to Buyer's offer to purchase two (2) properties owned by the Debtor commonly known as Kyoto Grand Hotel and Weller Court Retail Center (collectively, the "Property"), for a purchase price of $44,000,000.00.

3. The following is as summary of (i) the key provisions of the Support Agreement and that certain Purchase and Sale Agreement and Joint Escrow Instructions, which is attached to the Support Agreement as Attachment 1 thereto (the "Purchase Agreement"), and (ii) actions undertaken by Buyer in connection with the Support Agreement and Purchase Agreement:

    A. The Effective Date of the Support Agreement is Monday, October 4, 2010.

    B. Under the Support Agreement, Buyer had ten business days following the Effective Date, i.e., until October 18, 2010, to complete its review of the Property documents. Buyer has in fact completed its document review.

    C. As required under the Support Agreement to evidence Buyer's election to proceed with the Purchase Agreement following the document review period, Buyer has (a) signed, dated and delivered the Purchase Agreement to Bank and Escrow Agent (as defined in the Purchase Agreement), (b) delivered a $1,000,000.00 deposit to Escrow Agent ("Bank Deposit"), and (c) delivered an additional $4,000,000.00 deposit to Escrow Agent as required under the Purchase Agreement (the "Purchase Deposit").

    D. Following the expiration of the document review period, under the Support Agreement, Bank is required to provide notice to the debtor, the Court and other parties in interest of Buyer's offer to purchase the Property and is required to undertake commercially reasonable

efforts to seek Court authorization to sell the Property free and clear of all liens, claims, encumbrances and interests pursuant to 11 U.S.C. § 363 or effect such sale pursuant to a Plan of Reorganization.   This Declaration satisfies Bank's obligations to provide the required notice to the Court and other parties in interest of Buyer's offer to purchase the Property.

E.  The executed Purchase Agreement constitutes Buyer's 90-day, irrevocable offer to purchase the Property at a purchase price of $44,000,000.00.   Attached hereto as Exhibit "2" is a true and correct copy of the signed Purchase Agreement.

F.  The consummation of the transactions set forth in the Purchase Agreement is to occur within ten (10) business days following the date that the "Seller" under the Purchase Agreement executes and delivers the Purchase Agreement to Buyer and Escrow Agent.

G.  Buyer's obligations under the Purchase Agreement are contingent upon the satisfaction of the conditions set forth in Section 7.8(a) of the Purchase Agreement, which are summarized as follows:   (1) the Title Company (as defined in the Purchase Agreement) is unconditionally committed to issue the Title Policy (as defined in the Purchase Agreement) to Buyer, (2) the representations and warranties of Seller are true and correct, (3) Seller has deposited with Escrow Agent such documents and instruments required of Seller under the Purchase Agreement, (4) Seller has performed its obligations under the Purchase Agreement, and (5) Seller has been authorized by the Court to sell the Property pursuant to a sale order satisfying the conditions set forth in Section 7.8(a)(v) of the Purchase Agreement.   Buyer's obligations under the Purchase Agreement are *not* contingent upon the satisfaction of any investigation, inspection, or due diligence with respect to the Property, all of which has been completed prior to the date hereof.

H.  In connection with the purchase of the Property, Buyer will identify which executory contracts and unexpired leases it will assume or reject pursuant to 11 U.S.C. § 365.

4.  Under the Support Agreement, Bank has agreed to pay the broker a commission of 1% of the proceeds received by Bank from the sale of the Property in connection with the payoff of certain loans Bank has made to the debtor, provided that the Property is purchased for an amount equal to, or greater than, $44,000,000.00.

5.   Attached hereto as Exhibit "3" is a true and correct copy of the confirmation from Comerica Bank that the total sum of $5,000,000.00 has been placed in the Escrow Accounts at Comerica Bank as required under the Support Agreement and Purchase Agreement.

6.   Attached hereto as Exhibit "4" is a true and correct copy of a letter dated October 5, 2010, from Comerica Bank advising the Broker that Buyer has sufficient means to fund the $44,000,000.00 purchase price reflected in the Agreement.

1   I declare under penalty of perjury under the laws of United States of America that the
2   foregoing is true and correct and that this Declaration was executed this _18_ day of October,
3   2010, in the following city and country: Hong Kong, PRC.

By: /s/ Jackson Yang
      Jackson Yang

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920

761826.1 | 100102-0083                                    4