JEFFREY C. KRAUSE (State Bar No. 94053),
jkrause@stutman.com
CHRISTINE M. PAJAK (State Bar No. 217173), and
cpajak@stutman.com
NEETA MENON (State Bar No. 254736), Members of
nmenon@stutman.com
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone:  (310) 228-5600
Telecopy:    (310) 228-5788

Reorganization Counsel for
Debtor and Debtor in Possession

Debtor's Mailing Address:
1880 Century Park East, Suite 810
Los Angeles, CA  90067

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:10-39113-BR |
| LITTLE TOKYO PARTNERS, L.P., a Delaware limited partnership, | Chapter 11 |
| Debtor. | **DEBTOR'S AMENDED PLAN OF REORGANIZATION** (November 4, 2010) |
| | **Disclosure Statement Hearing** |
| | None |
| | **Confirmation Hearing** |
| | Date:    [To be Scheduled] |

545240v2

# **TABLE OF CONTENTS**

**Page(s)**

I. DEFINITIONS AND RULES OF CONSTRUCTION ............................................................ 1

    A.    Definitions. .......................................................................................................... 1

    B.    Interpretation, Rules Of Construction, Computation Of Time. ........................... 8

        1.    Defined Terms. ....................................................................................... 8

        2.    Rules Of Interpretation. .......................................................................... 8

        3.    Time Periods. .......................................................................................... 9

II. DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS ...................................... 9

    A.    Secured Claims. .................................................................................................. 10

        1.    Secured Tax Claims (Class 1). ............................................................. 10

        2.    Excell's Secured Claim (Class 2). ....................................................... 10

        3.    Secured Hotel Claim (Class 3). ........................................................... 10

        4.    The Secured Weller Court Claim (Class 4). ........................................ 10

    B.    Other Priority Claims (Class 5). ........................................................................ 10

    C.    Unsecured Claims. ............................................................................................. 10

        1.    General Unsecured Claims (Class 6). .................................................. 10

        2.    ADA Claims (Class 7). ......................................................................... 10

    D.    Interests. ............................................................................................................ 10

        1.    Limited Partner's Interests (Class 8). .................................................. 10

        2.    General Partner's Interests (Class 9). ................................................... 10

III. TREATMENT OF CLASSES OF CLAIMS AND INTERESTS ...................................... 11

    A.    Unclassified Claims. .......................................................................................... 11

        1.    Administrative Claims. ......................................................................... 11

            a.    General. ..................................................................................... 11

            b.    Payment Of Statutory Fees. ..................................................... 11

            c.    Bar Date For Administrative Claims. ...................................... 11

               (1)    General Provisions. ..................................................... 11

|       |    | (2) | Professionals. ............................................................. 11 |
|-------|----|-----|-------------------------------------------------------------------|
|       |    | (3) | Ordinary Course Liabilities................................................ 12 |
|       | 2. |     | Treatment Of Priority Tax Claims. ........................................ 12 |
|  B.   |    |     | Classified Claims And Interests. ........................................... 12 |
|       | 1. |     | Class 1 (Secured Tax Claims). ............................................ 12 |
|       | 2. |     | Class 2 (Excell's Secured Claim)........................................... 13 |
|       | 3. |     | Class 3 (Bank's Secured Hotel Claim). .................................... 13 |
|       | 4. |     | Class 4 (Bank's Secured Weller Court Claim). ........................... 13 |
|       | 5. |     | Class 5 (Other Priority Claims)............................................ 14 |
|       | 6. |     | Class 6 (General Unsecured Claims). ..................................... 14 |
|       | 7. |     | Class 7 (ADA Claims). .................................................... 14 |
|       | 8. |     | Class 8 (Limited Partner's Interests). .................................... 14 |
|       | 9. |     | Class 9 (General Partner's Interests). .................................... 14 |

IV. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES ................ 14

A.    Assumption.......................................................................... 14

B.    Cure Payments...................................................................... 15

C.    Rejection.............................................................................. 16

V. MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN ........................... 16

A.    Investment In The Hotel........................................................... 16

B.    The Doubletree Transaction. ..................................................... 17

C.    Revesting Of Assets And Operations Of Property............................. 17

D.    Preservation Of Rights Of Action and Defenses............................... 17

E.    ADA Settlement. ................................................................... 19

F.    Powers Of The Reorganized Debtor. ............................................ 19

G.    Discharge Of Debtor, Injunction And Other Releases. ........................ 19

       1.   Discharge Of Debtor. ..................................................... 19

       2.   Injunction. ................................................................. 20

H.    Limitation Of Liability. ............................................................ 21

| | | | |
|---|---|---|---|
| 1 | I. | Execution Of Documents And Partnership Action. | 21 |
| 2 | J. | Retention Of Jurisdiction. | 21 |
| 3 | K. | Successors And Assigns. | 23 |
| 4 | L. | Amendment, Revocation, Modification And Severability. | 23 |
| 5 | M. | Exhibits. | 23 |
| 6 | N. | No Admission. | 23 |
| 7 | O. | 1146(c) Exemption. | 24 |
| 8 | P. | General Authority. | 24 |
| 9 | Q. | Binding Effect. | 24 |
| 10 | R. | Governing Law. | 24 |
| 11 | S. | Payment Dates. | 25 |
| 12 | T. | Headings. | 25 |
| 13 | U. | No Waiver. | 25 |
| 14 | VI. CONDITIONS TO CONFIRMATION EFFECTIVE DATE | | 25 |
| 15 | A. | Condition To Confirmation. | 25 |
| 16 | B. | Conditions to Effective Date. | 25 |
| 17 | VII. DISTRIBUTION OF CONSIDERATION | | 26 |
| 18 | A. | Objections To Claims. | 26 |
| 19 | | 1. | Deadlines. | 26 |
| 20 | | 2. | Authority. | 26 |
| 21 | B. | Disputed Claims. | **Error! Bookmark not defined.** |
| 22 | C. | Distributions. | 26 |
| 23 | | 1. | Disputed Claims. | 27 |
| 24 | | 2. | Distribution Date. | 27 |
| 25 | | 3. | Unclaimed Distributions. | 27 |
| 26 | | 4. | No *De Minimis* Distributions. | 27 |
| 27 | D. | No Disbursing Agent. | 28 |
| 28 | E. | Manner Of Payment Under The Plan. | 28 |

F.    Delivery Of Distributions. ...................................................................28

G.    Compliance With Tax Requirements. ....................................................28

H.    Old Instruments And Securities; Liens. .................................................28

    1.    Rights Of Persons Holding Old Instruments And Securities. ....................28

    2.    Cancellation Of Liens. ..................................................................29

I.    Interest. ...............................................................................................29

This Plan of Reorganization (the "Plan") is proposed by chapter 11 debtor Little Tokyo Partners, L.P. (the "Debtor").  All holders of claims and interests are encouraged to read the Plan in its entirety.  **The Debtor is not soliciting acceptances or rejections of the Plan, because the Plan cures and reinstates the Debtor's secured debts and pays all other creditors in full in Cash and, therefore, does not impair any creditor or interest holder.  You are not required to respond or permitted to vote, but you have the right to object to confirmation of the Plan if you wish to do so.**

## I.

## DEFINITIONS AND RULES OF CONSTRUCTION

### A.    Definitions.

In addition to such other terms as are defined in other sections of the Plan, the following terms (which appear in the Plan as capitalized terms) have the following meanings as used in the Plan:

1.    **"ADA Claims"** means all Claims arising under that certain ADA Litigation.

2.    **"ADA Litigation"** means that certain litigation styled <u>Hugh Marsh and Neva Lema v. Grand Kyoto Hotel; Little Tokyo Partners, L.P., et al.</u>, Case No. CV10-1511, pending in the United States District Court for the Central District of California.

3.    **"ADA Settlement"** means that certain settlement of the ADA Litigation as more fully described herein.

4.    **"Administrative Claim"** means a Claim for costs and expenses of administration of the Reorganization Case under Bankruptcy Code section 503(b) or 507(a)(1).

5.    **"Allowed Claim"** means a Claim against the Debtor to the extent that:

a.    a proof of such Claim

(1)    is timely Filed; or

(2)    is deemed timely Filed under applicable law or by reason of an order of the Bankruptcy Court; and

b.      (1)      neither the Debtor nor the Reorganized Debtor Files an objection within a time fixed by the Bankruptcy Court and the Claim is not otherwise a Disputed Claim (but only to the extent that such Claim is not a Disputed Claim);

(2)      the Claim is allowed (and only to the extent allowed) by a Final Order; or

(3)      the Claim is allowed under the Plan.

6.      **"Allowed . . . Claim"** means an Allowed Claim in the particular class described.

7.      **"Allowed Interest"** means all interests in the Debtor as of the Confirmation Date.

8.      **"Avoiding Power Causes of Action"** means causes of action, if any, arising under Bankruptcy Code sections 502(d), 506, 544, 545, 547, 548, 549, 550, 553, and 558, or any fraudulent conveyance, fraudulent transfer or preference laws, or any cause of action arising under, or relating to, any similar state law or federal law that constitutes property of the Estate under Bankruptcy Code section 541, whether or not an action is initiated on or before the Effective Date.

9.      **"Bank"** means First-Citizens Bank & Trust Company, the sole member of Classes 3 and 4, respectively.

10.      **"Bank's Hotel Collateral"** means a first lien on that certain real property defined herein as the Hotel, the true and correct legal description of which shall be Filed not later than the Exhibit Filing Date, and all net rents, issues and profits generated from the Hotel.

11.      **"Bank's Hotel Note"** means that certain promissory note, dated as of November 25, 2009, in the principal amount of $33,600,000, which is secured by a first priority lien on the Hotel, pursuant to a deed of trust dated November 25, 2009.

12.      **"Bank's Weller Court Collateral"** means a first lien on that certain real property defined herein as Weller Court, the true and correct legal description of which shall be Filed not later than the Exhibit Filing Date, and all net rents, issues and profits from Weller Court.

13.      **"Bank's Weller Deed of Trust"** means that certain deed of trust, dated as of August 10, 2007, that was granted to the Bank to secure the Bank's Weller Note.

14.    **"Bank's Weller Note"** means that certain promissory note issued by the Debtor to the Bank, dated as of August 10, 2007, in the original principal amount of $44,000,000, which was subsequently paid down to a principal balance of $10,400,000 in November 2009, and is secured by a first priority lien on the Bank's Weller Court Collateral, pursuant to a deed of trust dated August 10, 2007.

15.    **"Bankruptcy Court"** means the United States Bankruptcy Court for the Central District of California, Los Angeles Division, or, if such court ceases to exercise jurisdiction over the Reorganization Case, such court or adjunct thereof that exercises jurisdiction over the Reorganization Case in lieu of the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

16.    **"Bankruptcy Rules"** means, collectively, the:  (a) Federal Rules of Bankruptcy Procedure, and (b) the Local Rules of the Bankruptcy Court, as applicable from time to time in the Reorganization Case.

17.    **"Business Day"** means any day that is not a Saturday, Sunday, or "legal holiday" as defined in Bankruptcy Rule 9006(a).

18.    **"Cash"** means cash or cash equivalents including, but not limited to, bank deposits, checks or other similar items.

19.    **"Claim"** means a Claim—as the term "Claim" is defined in Bankruptcy Code section 101(5)—against the Debtor.

20.    **"Committee"** means the Official Committee of Unsecured Creditors appointed in the Reorganization Case.

21.    **"Confirmation"** means the entry of the Confirmation Order.

22.    **"Confirmation Date"** means the date on which Confirmation occurs.

23.    **"Confirmation Hearing"** means the hearing held pursuant to Bankruptcy Rule 3020(b)(2), including any continuances thereof, at which the Bankruptcy Court will consider Confirmation of the Plan.

24.    **"Confirmation Order"** means the order of the Bankruptcy Court confirming the Plan under section 1129 of the Bankruptcy Code.

25.    **"Debtor"** means Little Tokyo Partners, L.P.

26.    **"Debtor in Possession"** means Little Tokyo Partners, L.P., when acting in its capacity as representative of the Estate in the Reorganization Case.

27.    **"Disputed Claim"** means any Claim: (a) as to which a proof of Claim has been Filed and the dollar amount of such Claim, respectively, is not specified in a fixed amount; (b) prior to the deadline to object to such Claim, as to which a proof of Claim has been Filed and the dollar amount of such Claim is specified in a fixed liquidated amount, the extent to which the stated amount of such Claim exceeds the amount of such Claim listed in the Schedules; (c) prior to the deadline to object to such Claim, as to which a proof of Claim has been Filed and such Claim is not included in the Schedules; (d) with respect to a proof of Claim that is filed or is deemed Filed under Bankruptcy Rule 3003(b)(1) and is listed as contingent, disputed or liquidated; (e) as to which an objection has been Filed or is deemed to have been Filed pursuant to any order approving procedures for objecting to Claims and such objection has neither been overruled nor been denied by a Final Order and has not been withdrawn; or (f) with respect to an Administrative Claim, as to which an objection: (1) has been timely Filed (or the deadline for objection to such Administrative Claim has not expired) and (2) has neither been overruled nor been denied by a Final Order and has not been withdrawn.

28.    **"Distribution Date"** has the meaning ascribed to it in section VII.C.2 of the Plan.

29.    **"Doubletree Contract"** means a new Franchise License Agreement with Hilton Worldwide, Inc., a copy of which shall be filed not later than the Exhibit Filing Date.

30.    **"Effective Date"** means the first Business Day that is at least eleven (11) days after the Confirmation Date, and on which all conditions to the Effective Date contained in section VI. hereof have been satisfied or, if waivable, waived, unless the Confirmation Order has been stayed.  If the Confirmation Order has been stayed the Effective Date shall be the third Business Day after any such stay terminates, lapses or expires.

31.    **"Estate"** means the estate created in the Reorganization Case under section 541 of the Bankruptcy Code.

32.    **"Excell"** means Excell Investment Group, LLC, the sole member of Class 2.

33.    **"Exhibit Filing Date"** means a Business Day on which drafts of all Exhibits to the Plan shall be Filed and which day shall be no later than twenty (20) days prior to the Confirmation Hearing.  The Debtor reserves the right to File amended or revised versions of any Exhibit through and including the Confirmation Date.

34.    **"File" or "Filed"** means filed with the Bankruptcy Court in the Reorganization Case.

35.    **"Final Order"** means an order or judgment of the Bankruptcy Court, as entered on its docket, which has not been reversed, stayed, modified or amended, and as to which (a) the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing shall then be pending or as to which any right to appeal, petition for certiorari, reargue, or rehear shall have been waived in writing in form and substance satisfactory to the Debtor or Reorganized Debtor, as applicable, or (b) in the event that an appeal, writ of certiorari, or reargument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court or other applicable court shall have been affirmed by the highest court to which such order or judgment was appealed, or certiorari has been denied, or from which reargument or rehearing was sought, and the time to take any further appeal, petition for certiorari or move for reargument or rehearing shall have expired.

36.    **"General Partner"** means Little Tokyo Partners, LLC, the Debtor's sole general partner.

37.    **"General Partner Interest"** means the interest of the General Partner.

38.    **"Hotel"** means the Kyoto Grand Hotel and Gardens located at 120 South Los Angeles Street, Los Angeles, California, the true and correct legal description of which shall be Filed not later than the Exhibit Filing Date.

39.    **"Limited Partner"** means 3D Investments IV, L.P.

40.    **"Limited Partner Interest"** means the Limited Partner's limited partnership interest in the Debtor.

41.     **"Judgment Rate"** means the interest rate on a federal judgment entered on the Petition Date, which was 0.31%.

42.     "**New Capital Contribution**" means the $8,000,000 to be invested in the Reorganized Debtor by the General Partner and the Limited Partner on the Effective Date.

43.     **"Other Priority Claim"** means an Allowed Claim entitled to priority under section 507(a) of the Bankruptcy Code, except for Administrative Claims and Priority Tax Claims.

44.     **"Partner Interests"** means the General Partner Interest and Limited Partner Interest.

45.     **"Petition Date"** means July 15, 2010.

46.     **"Plan"** means the Plan of reorganization, either in its present form or as it may be altered, amended or modified from time to time in accordance with the Bankruptcy Code and Bankruptcy Rules.

47.     **"Plan Documents"** means those documents necessary to effectuate the Plan.

48.     **"Priority Tax Claim"** means an Allowed Claim entitled to priority under section 507(a)(8) of the Bankruptcy Code.

49.     "**Property Improvement Plan**" means the required improvements to the Hotel that must be completed over the forty-eight months after the Effective Date pursuant to the Doubletree Contract.

50.     **"Pro Rata"** means proportionately so that the ratio of (a) the amount of consideration distributed on account of a particular Allowed Claim to (b) the amount of such Allowed Claim is the same as the ratio of (x) the amount of consideration distributed on account of all Allowed Claims of the class or group of classes in which the particular Allowed Claim is included to (y) the amount of all Allowed Claims of that class or group of classes.

51.     **"Remediation Work"** means those certain repairs and maintenance work to be completed at the Hotel in accordance with the timeline described in an exhibit to be Filed by the Exhibit Filing Date.

52.     **"Reorganization Case"** means the case under chapter 11 of the Bankruptcy Code commenced by the Debtor on the Petition Date and captioned "In re Little Tokyo Partners, L.P.," Case No. 2:10-39113-BR.

53.     **"Reorganized Debtor"** means the Debtor, or any successor thereto by merger, consolidation or otherwise, as revested with property of the Estate on and after the Effective Date.

54.     **"Scheduled"** means set forth on the Schedules.

55.     **"Schedules"** means the schedules of assets and liabilities and list of equity security holders Filed by the Debtor under the Bankruptcy Rules, as the same have been or may be amended from time to time before the Effective Date.

56.     **"Secured Claim"** means any Allowed Claim that is secured by a lien on property in which the Estate has an interest or that is subject to setoff under section 553 of the Bankruptcy Code, to the extent of the value of the Claimholder's interest in the Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined under section 506 of the Bankruptcy Code.

57.     **"Secured Hotel Claim"** means the Allowed Claim that is secured by the Bank's Hotel Collateral.

58.     **"Secured Tax Claims"** means every Claim of a governmental unit for taxes which, by operation of applicable nonbankruptcy law, is a Secured Claim.

59.     **"Secured Weller Court Claim"** means the Allowed Claim that is secured by the Bank's Weller Court Collateral.

60.     "**Settlement Payment**" means the payment of $130,243.78 by 3D Investments IV, LLC to the Reorganized Debtor on the Effective Date, which reflects the voluntary return of all payments received by 3D Investments IV, L.P. during the 12 months immediately prior to the Petition Date.

61.     **"Unsecured Claim"** means all Claims against the Debtor that are not Secured Claims, Administrative Claims, Priority Tax Claims or Other Priority Claims.

62.    **"Weller Court"** means that certain mall located at 227 East Second Street, Los Angeles, California, the true and correct legal description of which shall be Filed not later than the Exhibit Filing Date.

**B.    Interpretation, Rules Of Construction, Computation Of Time.**

**1.    Defined Terms.**

Any term used in the Plan that is not defined in the Plan, but that is used in the Bankruptcy Code or Bankruptcy Rules has the meaning assigned to that term in the Bankruptcy Code or Bankruptcy Rules, as applicable, unless the context requires otherwise.

**2.    Rules Of Interpretation.**

For purposes of the Plan:

a.    whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural;

b.    any payment required under the Plan on a particular date shall be made on such date or as soon thereafter as practicable;

c.    any reference in the Plan to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions, delivered and Filed on or before the Exhibit Filing Date as an exhibit to the Plan;

d.    any reference in the Plan to an existing document or exhibit Filed or to be Filed means such document or exhibit, as it may have been or may be amended, modified or supplemented through and including the Confirmation Date which, after they are Filed, may be amended, modified or supplemented only with the express written consent of the proponents of the Plan;

e.    unless otherwise specified in a particular reference, all references in the Plan to sections, articles and exhibits are references to sections, articles and exhibits of or to the Plan;

f. the words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan;

g. captions and headings to articles and sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan;

h. all exhibits to the Plan and Plan Documents are incorporated herein, regardless of when those exhibits are Filed;

i. to the extent any discrepancy exists between the description contained herein of a document or agreement that is an exhibit to the Plan and with the provisions of that exhibit, the actual agreement or document shall govern; and

j. the rules of construction set forth in section 102 of the Bankruptcy Code shall apply.

**3.    Time Periods.**

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**II.**

**DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS**

The following is a designation of the classes of Claims and interests under the Plan. Administrative Claims and Priority Tax Claims have not been classified and are excluded from the following classes in accordance with section 1123(a)(1) of the Bankruptcy Code.  A Claim or interest is classified in a particular class only to the extent that the Claim or interest qualifies within the description of that class and is classified in a different class to the extent that any remainder of the Claim or interest qualifies within the description of such different class.  A Claim or interest is in a particular class only to the extent that the Claim or interest is an Allowed Claim or Allowed Interest in that class and has not been paid, released, or otherwise satisfied before the Effective Date.

**A.      Secured Claims.**

      **1.      Secured Tax Claims (Class 1).**

Class 1 consists of all Claims that are Secured Tax Claims.

      **2.      Excell's Secured Claim (Class 2).**

Class 2 consists of Excell's Claim, which is secured by a second priority deed of trust on Weller Court.

      **3.      Secured Hotel Claim (Class 3).**

Class 3 consists of the Secured Hotel Claim.

      **4.      The Secured Weller Court Claim (Class 4).**

Class 4 consists of the Secured Weller Court Claim.

**B.      Other Priority Claims (Class 5).**

Class 5 consists of all Other Priority Claims.

**C.      Unsecured Claims**

      **1.      General Unsecured Claims (Class 6).**

Class 6 consists of all Unsecured Claims not in Class 5 or Class 7.

      **2.      ADA Claims (Class 7).**

Class 7 consists of all ADA Claims.

**D.      Interests.**

      **1.      Limited Partner's Interests (Class 8).**

Class 8 consists of the Limited Partner Interest.

      **2.      General Partner's Interests (Class 9).**

Class 9 consists of the General Partner Interest.

# III.

## TREATMENT OF CLASSES OF CLAIMS AND INTERESTS

A.    **Unclassified Claims.**

      1.    **Administrative Claims.**

            a.    **General.**

Subject to the bar date provisions herein, the Reorganized Debtor shall pay to each holder of an Allowed Administrative Claim, on account and in full satisfaction of the Allowed Administrative Claim, Cash equal to the amount of the Allowed Administrative Claim, unless the holder agrees to other treatment of the Claim.

            b.    **Payment Of Statutory Fees.**

On or before the Effective Date, all fees payable under 28 U.S.C. § 1930, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid in Cash, in full.

            c.    **Bar Date For Administrative Claims.**

                (1)    **General Provisions.**

Except as provided below in section III.A.1.c.(3) for non-tax liabilities incurred in the ordinary course of business by the Debtor in Possession, requests for payment of Administrative Claims must be Filed no later than sixty (60) days after the Effective Date.  Holders of Administrative Claims (including without limitation, professionals requesting compensation or reimbursement of expenses and any governmental units asserting Claims for federal, state or local taxes) that are required to File a request for payment of such Claims and that do not File such requests by the applicable bar date shall be forever barred from asserting such Claims against the Debtor, Reorganized Debtor, any other person or entity, or any of their respective property.

                (2)    **Professionals.**

All professionals or other entities requesting compensation or reimbursement of expenses under sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for services rendered before the Effective Date (including any compensation requested by any professional or any other entity for making a substantial contribution in the Reorganization Case) shall File and

serve on the Debtor an application for final allowance of compensation and reimbursement of

expenses no later than sixty (60) days after the Effective Date.

(3)      <strong>Ordinary Course Liabilities.</strong>

Holders of Administrative Claims based on liabilities incurred in the ordinary course

of the Debtor in Possession's business prior to the Effective Date (other than professionals or other

entities described in subparagraph (2), above, and governmental units that hold Claims for taxes or

Claims and/or penalties related to such taxes) shall not be required to File any request for payment of

such Claims.  Each Administrative Claim shall be assumed and paid by the Reorganized Debtor

under the terms and conditions of the particular transaction giving rise to that Administrative Claim,

without any further action by the holder of such Administrative Claim.

<strong>2.      Treatment Of Priority Tax Claims.</strong>

In accordance with section 1129(a)(9)(C) of the Bankruptcy Code, except as

otherwise agreed to by the parties, each holder of an Allowed Priority Tax Claim shall receive from

the Reorganized Debtor deferred Cash payments over a period not exceeding six (6) years from the

date of assessment of such Claim.  Payments shall be made in equal, quarterly installments and each

installment shall include simple interest accrued on the unpaid portion of such Claim at the rate of

5% per annum from and after the Effective Date; provided, however, that the Reorganized Debtor

reserves the right to pay any Allowed Priority Tax Claim, or any remaining balance of such Allowed

Claim, in full, at any time on or after the Effective Date, without premium or penalty.

<strong>B.      Classified Claims And Interests.</strong>

<strong>1.      Class 1 (Secured Tax Claims).</strong>

Class 1 is not impaired under the Plan.  The holder of each Allowed Class 1 Claim

will receive Cash equal to its Allowed Claim, including any interest, fees and costs to which it is

entitled under Bankruptcy Code §§ 506 & 1124, on the Effective Date, or such other treatment as the

Reorganized Debtor and the holder of an Allowed Class 1 Claim agree to in writing, on or before the

Confirmation Date.

2.      **Class 2 (Excell's Secured Claim).**

Class 2 is not impaired under the Plan.  The holder of each Allowed Class 2 Claim will receive Cash equal to its Allowed Claim, including any interest (at the nondefault contract rate), fees and costs to which it is entitled under Bankruptcy Code §§ 506 & 1124, on the Effective Date, or such other treatment as the Reorganized Debtor and the holder of an Allowed Class 1 Claim agree to in writing, on or before the Confirmation Date.

3.      **Class 3 (Bank's Secured Hotel Claim).**

Class 3 is not impaired under the Plan.  On account of its Allowed Class 3 Claim, the Bank will receive the following: the Reorganized Debtor will cure all defaults (except for the kind specified in section 365(b)(2) of the Bankruptcy Code) that exist under the agreements and contracts governing the Allowed Class 3 Claim, including the Bank Hotel Note, reinstate the maturity of such claim, compensate the Bank for any damage incurred as a result of reasonable reliance by such holder on such contractual provision or applicable law, and not otherwise alter the legal, equitable or contractual rights of the Bank with respect to its Allowed Class 3 Claim.  The Debtor shall pay to the Bank all missed installments under the Hotel Note and interest at the non-default contract rate, plus any reasonable fees and costs to which the Bank is entitled under Bankruptcy Code §§ 506 &1124.

4.      **Class 4 (Bank's Secured Weller Court Claim).**

Class 4 is not impaired under the Plan.  On account of its Allowed Class 4 Claim, the Bank will receive the following: the Reorganized Debtor will cure all defaults (except for the kind specified in section 365(b)(2) of the Bankruptcy Code) that exist under the agreements and contracts governing the Allowed Class 4 Claim, including the Bank's Weller Court Note, reinstate the maturity of such claim, compensate the Bank for any damage incurred as a result of reasonable reliance by such holder on such contractual provision or applicable law, and not otherwise alter the legal, equitable or contractual rights of the Bank with respect to its Allowed Class 4 Claim.  The Debtor shall pay to the Bank all missed installments under the Bank Weller Court Note and interest at the non-default contract rate, plus any reasonable fees and costs to which the Bank is entitled under Bankruptcy Code §§ 506 &1124.

5.      **Class 5 (Other Priority Claims).**

Class 5 is not impaired under the Plan.  Each holder of an Allowed Class 5 Claim will be paid in Cash, in full, with interest at the Contract Rate or, if there is no Contract Rate, the Judgment Rate, on the Distribution Date.

6.      **Class 6 (General Unsecured Claims).**

Class 6 is not impaired under the Plan.  Each holder of an Allowed Class 6 Claim will be paid in Cash, in full, with interest at the Contract Rate or, if there is no Contract Rate, the Judgment Rate, on the Distribution Date.

7.      **Class 7 (ADA Claims).**

Class 7 is not impaired under the Plan.  On account of the Allowed Class 7 Claims, the Reorganized Debtor shall fully comply with the ADA Settlement.

8.      **Class 8 (Limited Partner's Interests).**

Class 8 is not impaired under the Plan.  The Limited Partner shall retain its Limited Partner's Interest in the Reorganized Debtor.

9.      **Class 9 (General Partner's Interests).**

Class 9 is not impaired under the Plan.  The General Partner shall retain its General Partner's Interest in the Reorganized Debtor.

**IV.**

**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

A.      **Assumption.**

Each executory contract or unexpired lease of the Debtor that has not expired by its own terms before the Effective Date or previously been rejected by the Debtor in Possession and is listed on the "Schedule of Executory Contracts and Unexpired Leases to be Assumed," Filed as Exhibit IV.A hereto (which Exhibit shall be filed by the Exhibit Filing Date) is assumed, as of the Effective Date, pursuant to Bankruptcy Code section 365.  All leases under which the Debtor leases any portion of the Hotel or Weller Court shall be assumed and the Cure Amount with respect thereto is $0.  A list of the security deposits of the tenants will be filed as a Plan Document.  The Debtor also intends at the present time to assume all executory contracts, including the Management Contract

1    with Crestline Hotels & Resorts, Inc. and the existing agreement with Able Engineering, both

2    subject to agreed upon modifications, cure amounts and payment schedules for cure payments.

3            Nothing in the Plan, any Exhibit to the Plan, or any document executed or delivered

4    in connection with the Plan or any such Exhibit creates any obligation or liability on the part of the

5    Debtor, the Reorganized Debtor, or any other person or entity that is not currently liable on such

6    obligation, with respect to any executory contract or unexpired lease.  The Debtor reserves the right

7    at any time before Confirmation to amend Exhibit IV.A either to: (a) delete any executory contract

8    or unexpired lease listed on Exhibit IV.A and provide for its rejection under section IV.C below, or

9    (b) add any executory contract or unexpired lease to Exhibit IV.A, thus providing for its assumption

10    under this section IV.A.  Debtor shall provide notice of any amendment of Exhibit IV.A to the

11    parties to the affected executory contract or unexpired lease and the Office of the United States

12    Trustee.

13            **B.    Cure Payments.**

14            Any monetary defaults under each executory contract and unexpired lease assumed

15    under the Plan shall be satisfied under section 365(b)(1) of the Bankruptcy Code either by payment

16    of the cure amount (if any) in Cash on the Effective Date, or on such other terms as agreed to by

17    Reorganized Debtor and the non-debtor party to the executory contract or unexpired lease.  Unless

18    the non-debtor party to any executory contract or unexpired lease to be assumed Files and serves on

19    the Debtor and its counsel an objection to the "cure amount" specified on Exhibit IV.A (which

20    Exhibit shall be Filed on the Exhibit Filing Date) on or before the last date established by the

21    Bankruptcy Court to File and serve objections to confirmation of the Plan, such "cure amount" shall

22    be forever binding on such non-debtor party to said executory contract or unexpired lease.  In the

23    event of a timely Filed and served objection regarding (1) the amount of any cure payments, (2) the

24    ability of Reorganized Debtor to provide adequate assurance of future performance under the

25    contract or lease to be assumed, or (3) any other matter pertaining to assumption, any cure payment

26    required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a Final

27    Order resolving the dispute and approving assumption.

28

545240v2                                         -15-

**C.    Rejection.**

Effective immediately before the Effective Date, each executory contract or unexpired lease of the Debtor that has not expired by its own terms before the Effective Date or previously been assumed by the Debtor in Possession, that is either:  (1) listed on the "Schedule of Executory Contracts and Unexpired Leases to be Rejected," Filed as Exhibit IV.C to the Plan (which Exhibit shall be filed by the Exhibit Filing Date), or (2) is not assumed pursuant to section IV.A. above, is rejected, as of the Effective Date, pursuant to Bankruptcy Code section 365, to the extent, if any, that they constitute executory contracts or unexpired leases, and without conceding that they constitute executory contracts or unexpired leases or that the Debtor has any liability under them. Listing a contract or lease on Exhibit IV.C is not an admission by the Debtor or Reorganized Debtor that such contract or lease is an executory contract or unexpired lease or that the Debtor or Reorganized Debtor has any liability thereunder.  The Debtor reserves the right at any time before Confirmation to amend Exhibit IV.C to delete any executory contract or unexpired lease listed on Exhibit IV.C and provide for its assumption under section IV.A above.  Debtor shall provide notice of any amendment of Exhibit IV.C to the parties to the affected executory contract or unexpired lease and the Office of the United States Trustee.

The Confirmation Order shall constitute an Order of the Bankruptcy Court approving all such rejections as of the Effective Date.  Any Claim for damages arising from the rejection under the Plan of an executory contract or unexpired lease must be Filed within sixty (60) days after the Effective Date or be forever barred and unenforceable against the Debtor, the Reorganized Debtor and its properties and barred from receiving any distribution under the Plan.

# V.

# MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN

**A.    Investment In The Hotel.**

The General Partner and the Limited Partner shall contribute to the Reorganized Debtor on the Effective Date the New Capital Contribution, which shall be sufficient to fund the Remediation Work, other necessary deferred maintenance work, and the Property Improvement Plan under the Doubletree Contract.  By re-flagging the Hotel as a Doubletree hotel, the increased

1    revenue and profitability from the Hotel, together with the Debtor's existing assets, and the New

2    Capital Contribution, will be sufficient to pay (1) all amounts due on the Effective Date, including

3    the cure payments to the Bank, (2) the required deferred maintenance at the hotel, (3) the Property

4    Improvement Plan over the first 4 years after the Effective Date, and (4) all debt service payable to

5    the Bank on account of its reinstated Claims.  The General Partner and the Limited Partner are

6    sufficiently confident in the ability to pay these amounts that they are committing to contribute

7    $8,000,000 in the New Capital Contribution, which shall be junior to all present and future creditors,

8    including the Bank's reinstated Claims.  Neither the New Capital Contribution nor the Settlement

9    Payment shall be distributed to the General Partner or the Limited Partner at any time before the

10   Bank's Allowed Secured Claims are paid in full.

11            **B.**      **The Doubletree Transaction.**

12                         On or before the Effective Date, the Debtor shall enter into the Doubletree Contract,

13   which shall be binding on the Reorganized Debtor from and after the Effective Date.

14            **C.**      **Revesting Of Assets And Operations Of Property.**

15                         As of the Effective Date, all property of the Estate (including each Debtor in

16   Possession bank account) shall revest in the Reorganized Debtor, free and clear of all Claims, liens,

17   encumbrances and other interests of creditors and holders of interests, except as otherwise set forth

18   herein.  From and after the Effective Date, the Reorganized Debtor may operate its business and use,

19   acquire, and dispose of property and settle and compromise Claims without supervision by the

20   Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other

21   than those restrictions expressly imposed by the Plan and the Confirmation Order.  Reorganized

22   Debtor shall have authority to pay any Post-Effective Date Claims in the ordinary course of business.

23            **D.**      **Preservation Of Rights Of Action and Defenses.**

24                         Except to the extent such rights, Claims, causes of action, defenses, and

25   counterclaims are expressly and specifically released in connection with the Plan or in any

26   settlement agreement approved during the Reorganization Case, (i) any and all rights, Claims, causes

27   of action, defenses, and counterclaims accruing to the Debtor or its estate (including, without

28   limitation, Avoiding Power Causes of Action but excluding any causes of action under Bankruptcy

Code § 547) shall remain assets of and vest in the Reorganized Debtor, whether or not litigation

relating thereto is pending on the Effective Date, and whether or not any such rights, Claims, causes

of action, defenses, and counterclaims have been Scheduled or otherwise listed or referred to in the

Plan, or any other document filed with the Bankruptcy Court, and (ii) neither the Debtor nor the

Reorganized Debtor waives, relinquishes, or abandons (nor shall they be estopped or otherwise

precluded from asserting) any right, Claim, cause of action, defense, or counterclaim that constitutes

property of the Debtor's estate: (a) whether or not such right, Claim, cause of action, defense, or

counterclaim has been listed or referred to in the Schedules, the Plan, or any other document filed

with the Bankruptcy Court, (b) whether or not such right, Claim, cause of action, defense, or

counterclaim is currently known to the Debtor, and (c) whether or not a defendant in any litigation

relating to such right, Claim, cause of action, defense, or counterclaim filed a proof of Claim in the

Reorganization Case, filed a notice of appearance or any other pleading or notice in the

Reorganization Case, voted for or against the Plan, or received or retained any consideration under

the Plan.  Without in any manner limiting the scope of the foregoing, notwithstanding any otherwise

applicable principle of law or equity, including, without limitation, any principles of judicial

estoppel, res judicata, collateral estoppel, issue preclusion, or any similar doctrine, the failure to list,

disclose, describe, identify, or refer to a right, Claim, cause of action, defense, or counterclaim, or

potential right, Claim, cause of action, defense, or counterclaim, in the Debtor's Schedules, the Plan,

or any other document filed with the Bankruptcy Court shall in no manner waive, eliminate, modify,

release, or alter the Reorganized Debtor's right to commence, prosecute, defend against, settle, and

realize upon any rights, Claims, causes of action, defenses, or counterclaims that any of the Debtor

or Reorganized Debtor has or may have as of the Confirmation Date.  The Reorganized Debtor may

commence, prosecute, defend against, recover on account of, and settle all rights, Claims, causes of

action, defenses, and counterclaims in their sole discretion in accordance with what is in the best

interests, and for the benefit, of the Reorganized Debtor.  Notwithstanding the foregoing reservation

of rights, the Debtor shall not pursue any action arising under Bankruptcy Code § 547, because any

claims arising from the recovery of preferential transfers would be paid in full under the Plan.

**E.    ADA Settlement.**

The Plan will implement the ADA Settlement.  Prior to the Petition Date, a lawsuit was brought by two disabled individuals against the Debtor and certain other defendants alleging that the defendants failed to comply with certain aspects of the Americans with Disabilities Act at the Hotel.  Since filing the Reorganization Case, the Debtor has engaged in extensive discussions to resolve the ADA Litigation.  Under the terms of the ADA Settlement that will resolve the ADA Litigation on a final basis, the Debtor shall complete the Remediation Work and shall pay $150,000, which shall be distributed to holders of the ADA Claims as set forth in the ADA Settlement.

**F.    Powers Of The Reorganized Debtor.**

The Reorganized Debtor shall have all the powers and duties set forth in the Plan, and the Reorganized Debtor's organizational documents, as may be amended, and under applicable law. The Reorganized Debtor shall become, on the Effective Date of the Plan, the exclusive representative of the Estate.  Subject to the provisions of the Plan, but notwithstanding whether they are set forth in the Plan, on and after the Effective Date, the Estate shall retain and the Reorganized Debtor may enforce any and all rights, Claims, causes of action, powers, privileges, licenses, and franchises of the Debtor or the Estate, including all rights regarding tax determinations under Bankruptcy Code section 505, all causes of action arising under the Plan and the Bankruptcy Code.

The Reorganized Debtor shall have the authority to pay any post-Effective Date Claims in the ordinary course of business.

**G.    Discharge Of Debtor, Injunction And Other Releases.**

**1.    Discharge Of Debtor.**

On and after the Effective Date, the rights afforded in the Plan and the treatment of all Claims and interests therein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtor and the Debtor in Possession, or any of its assets or properties.  Except as otherwise provided in the Plan or the Confirmation Order on and after the Effective Date:  (a) the Debtor shall be deemed discharged and released to the fullest extent permitted by section 1141 of the Bankruptcy Code from all Claims and interests, including Claims

1   and interests that arose before the Effective Date and all debts of the kind specified in

2   sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not:  (i) a proof of Claim or

3   proof of interest based on such debt or interest is Filed or deemed Filed pursuant to section 501 of

4   the Bankruptcy Code, (ii) a Claim or interest based on such debt or interest is allowed pursuant to

5   section 502 of the Bankruptcy Code, or (iii) the holder of a Claim or interest based on such debt or

6   interest has accepted the Plan; and (b) all persons shall be precluded from asserting against

7   Reorganized Debtor, its successors, the General Partner, the Limited Partner or the Debtor's assets or

8   properties any other or further Claims or interests based upon any act or omission, transaction, or

9   other activity of any kind or nature that occurred before the Effective Date.  Except as otherwise

10   provided in the Plan or the Confirmation Order, on and after the Effective Date, the Confirmation

11   Order shall act as a discharge of any and all Claims against and all debts and liabilities of the Debtor,

12   as provided in sections 524 and 1141 of the Bankruptcy Code.

13           **2.**      **Injunction.**

14        In addition to the injunction provided under section 524(a) of the Bankruptcy Code,

15   on and after the Effective Date, all persons who have held, currently hold or may hold a debt, Claim

16   or interest discharged under the Plan are permanently enjoined from taking any of the following

17   actions on account of any such discharged debt, Claim or interest:  (a) commencing or continuing in

18   any manner any action or other proceeding against the Debtor, Reorganized Debtor, the partners of

19   the Reorganized Debtor or property; (b) enforcing, attaching, collecting or recovering in any manner

20   any judgment, award, decree or order against the Debtor, Reorganized Debtor, its successors or its

21   respective property; (c) creating, perfecting or enforcing any lien or encumbrance against the Debtor,

22   Reorganized Debtor, its successors or its respective property; (d) asserting any setoff, right of

23   subrogation or recoupment of any kind against any obligation due to the Debtor, Reorganized

24   Debtor, its successor or its respective property; and (e) commencing or continuing any action, in any

25   manner, in any place that does not comply with or is inconsistent with the provisions of the Plan or

26   the Confirmation Order.  Any person injured by any willful violation of such injunction may recover

27   actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover

28   punitive damages, from the willful violator.

1    The Plan does not discharge any party other than the Debtor from any liability such

2    non-debtor party has or may have under or pursuant to any guarantee or alleged guarantee of any

3    obligation of the Debtor. The Bank contends that certain parties guaranteed certain obligations to the

4    Bank.  The alleged guarantors contend that they have previously been released from any liability

5    they might otherwise have had to the Bank.  This dispute is the subject of pending litigation.  The

6    Plan shall not alter the rights, claims or defenses of the Bank or the alleged guarantors in that

7    litigation.

8    **H.    Limitation Of Liability.**

9    On and after the Effective Date, none of the Debtor, the Debtor in Possession, nor any

10    of its partners, employees, officers, directors, agents, or representatives, nor any professional persons

11    employed by any of them, shall have or incur any liability to any person or entity for any authorized

12    act taken or authorized omission made in good faith in connection with or related to the

13    Reorganization Case or the Estate, including objections to or estimations of Claims, disposition of

14    assets, or formulating or seeking confirmation of the Plan, or any contract, instrument, release, or

15    other agreement or document created in connection with the Plan.

16    **I.    Execution Of Documents And Partnership Action.**

17    The Debtor and Debtor in Possession, and the Reorganized Debtor, without any

18    partner action whatsoever, shall execute such documents and take such other action as is necessary

19    to effectuate the transactions provided for in the Plan.

20    **J.    Retention Of Jurisdiction.**

21    After Confirmation of the Plan and occurrence of the Effective Date, the Bankruptcy

22    Court will retain such jurisdiction as is legally permissible, including for the following purposes:

23    1.    To resolve any and all disputes regarding the operation and interpretation of

24    the Plan or the Confirmation Order;

25    2.    To determine the allowability, classification, or priority of any Claim or

26    interest, based on any objection by the Debtor or by other parties in interest with standing to bring

27    such objection or proceeding;

28

545240v2                                         -21-

1             3.       To determine the extent, validity, and priority of any lien asserted against

2 property of the Reorganized Debtor or property of the Estate;

3             4.       To construe and to take any action to (a) enforce and execute the Plan, the

4 Confirmation Order, and any other order of the Bankruptcy Court; (b) issue such orders as may be

5 necessary for the implementation, execution, performance, and consummation of the Plan, the

6 Confirmation Order and all matters referred to in the Plan and the Confirmation Order; and

7 (c) determine all matters that may be pending before the Bankruptcy Court in this Reorganization

8 Case on or before the Effective Date with respect to any person or entity;

9             5.       To determine any and all applications for allowance of compensation and

10 reimbursement of expenses of professionals for periods on or before the Effective Date;

11             6.       To determine any other request for payment of administrative expenses;

12             7.       To resolve any dispute regarding the implementation, execution, performance,

13 consummation, or interpretation of the Plan or the Confirmation Order;

14             8.       To determine motions for the rejection, assumption, or assignment of

15 executory contracts or unexpired leases filed before the Effective Date and the allowance of any

16 Claims resulting therefrom;

17             9.       To adjudicate all adversary proceedings and contested matters initiated by the

18 Reorganized Debtor to pursue retained causes of action;

19             10.       To determine all applications, motions, adversary proceedings, contested

20 matters, and any other litigated matters commenced during the Reorganization Case whether before,

21 on, or after the Effective Date;

22             11.       To determine such other matters and for such other purposes as may be

23 provided in the Confirmation Order;

24             12.       To modify the Plan under section 1127 of the Bankruptcy Code in order to

25 remedy any apparent defect or omission in the Plan or to reconcile any inconsistency in the Plan so

26 as to carry out its intents and purposes;

27

28

13.    To issue injunctions or take such other actions or issue such other orders as may be necessary or appropriate to restrain interference with the Plan or the Confirmation Order or their implementation by any person or entity; and

14.    To issue such orders in aid of consummation of the Plan and the Confirmation Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or entity, to the full extent authorized by the Bankruptcy Code or Bankruptcy Rules.

**K.    Successors And Assigns.**

The rights, benefits and obligations of any entity named or referred to in the Plan are binding on, and will inure to the benefit of, any permitted heirs, executors, administrators, successors or assigns of such entity.

**L.    Amendment, Revocation, Modification And Severability.**

1.    The Plan may be amended or modified before the Effective Date by the Debtor to the extent provided by section 1127 of the Bankruptcy Code.

2.    The Debtor reserves the right to withdraw the Plan before the Confirmation Date.

3.    The Debtor reserves the right to modify or amend the Plan upon a determination by the Bankruptcy Court that the Plan, as it is currently drafted, is not confirmable pursuant to section 1129 of the Bankruptcy Code.  To the extent such a modification or amendment is permissible under section 1127 of the Bankruptcy Code without the need to solicit acceptances, the Debtor reserves the right to sever any provisions of the Plan that the Bankruptcy Court finds objectionable.

**M.    Exhibits.**

Any Exhibits to the Plan will be Filed not later than the Exhibit Filing Date.  The Exhibits will not be served with the Plan, but rather copies of all such Exhibits will be available upon written request to the Debtor's counsel.

**N.    No Admission.**

Except as specifically provided in the Plan, nothing contained in the Plan shall be deemed or construed in any way as an admission by the Debtor or the Estate with respect to any

matter set forth in the Plan , including the amount or allowability of any Claim, or the value of any property of the Estate.

**O.    1146(c) Exemption.**

In accordance with Bankruptcy Code section 1146(c), the making delivery, filing or recording of any mortgages, deeds of trust, leasehold mortgages, leases (whether recorded or unrecorded) and/or the various instruments and documents of transfer as specified in or contemplated by the Plan (collectively, "Instruments of Transfer") and/or the exhibits thereto are hereby exempt from taxation under any law imposing a recording tax, stamp tax, transfer tax, or any similar tax.  The appropriate state or local government officers are hereby directed to accept for filing or recording all Instruments of Transfer or other documents of transfer to be filed and recorded in accordance with the Plan and the exhibits thereto, without payment of any such tax or government assessment, and without the presentation of any affidavits, instruments, or returns otherwise required for recording other than the Confirmation Order.  The Bankruptcy Court retains jurisdiction to enforce the foregoing direction by contempt proceedings or otherwise.

**P.    General Authority.**

The Reorganized Debtor shall execute such documents, and take such other actions, as are necessary to effectuate the transactions provided for in the Plan.

**Q.    Binding Effect.**

The Plan and all rights, duties and obligations thereunder shall be binding upon and inure to the benefit of the Debtor, the Reorganized Debtor, holders of Claims, holders of interests, and their respective successors and assigns.

**R.    Governing Law.**

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Federal Rules of Bankruptcy Procedure), or by an express choice of law provision in any agreement, contract, document, or instrument provided for or executed in connection with the Plan, the rights and obligations arising under the Plan and any agreement, contract, document, or instrument provided for or executed in connection with the Plan, shall be

governed by, and construed and enforced in accordance with, the laws of the State of California, without giving effect to the principles of conflict of laws thereof.

**S.    Payment Dates.**

Whenever any payment or distribution to be made under the Plan shall be due on a day other than a Business Day, such payment or distribution shall instead be made, without interest, on the immediately following Business Day.

**T.    Headings.**

The headings used in the Plan are inserted for convenience only and neither constitutes a portion of the Plan nor in any manner affects the construction of the provisions of the Plan.

**U.    No Waiver.**

The failure of the Debtor or any other person to object to any Claim for purposes of voting shall not be deemed a waiver of the Debtor's or the Reorganized Debtor's or the right to object to or examine such Claim, in whole or in part.

**VI.**

**CONDITIONS TO CONFIRMATION EFFECTIVE DATE**

**A.    Condition To Confirmation.**

The only condition precedent to Confirmation of the Plan is that the Bankruptcy Court shall have entered the Confirmation Order in a form acceptable to the Debtor and the General Partner and the Limited Partner.

**B.    Conditions to Effective Date.**

The Effective Date of the Plan shall not occur unless and until each of the conditions set forth below has been satisfied.  As soon as practicable after the occurrence of the Effective Date, but no later than ten (10) days thereafter, the Reorganized Debtor shall File and serve on each creditor and equity interest holder a written notice of occurrence of Effective Date.

1.    The Confirmation Order is a Final Order;

2.    The Debtor shall have received the New Capital Contribution; and

3.    The Doubletree Contract shall have been executed and have become effective.

The Debtor and the Partners can waive the condition of a Final Order if they choose to do so and if no stay pending appeal of the Confirmation Order has been granted.  Only the Bankruptcy Court can waive the other conditions to the Effective Date, based on a showing of cause.

# VII.

## DISTRIBUTION OF CONSIDERATION

### A.      Objections To Claims.

#### 1.      Deadlines.

Objections to Claims, including Administrative Claims, not including applications of professionals for compensation and reimbursement of expenses, shall be Filed and served upon the holders of such Claims no later than the last to occur of:  (a) ninety (90) days after the Effective Date, or (b) thirty (30) days after a proof of Claim or request for payment of such Claim is Filed and delivered to the Debtor or Reorganized Debtor, unless the periods set forth in (a) and (b) hereof are extended by the Bankruptcy Court.  An objection to the allowance of a Claim of a professional for compensation shall be Filed and served in accordance with section III.A.1.c.(2) of the Plan.

#### 2.      Authority.

The Reorganized Debtor shall be responsible for filing and resolving objections to Claims in all classes.  The Reorganized Debtor may settle and compromise as appropriate, without further order of the Bankruptcy Court any and all Claims, rights of action, causes of action, counterclaims and defenses held by the Estate.  The Estate may, but shall not be required to, set off or recoup against any Claim and the distributions to made pursuant to the Plan in respect of such Claim, any counterclaims, setoffs, or recoupments of any nature whatsoever that the Estate may have against the holder of the Claim, but neither the failure to do so nor the allowance of any Claim shall constitute a waiver or release by Estate or Reorganized Debtor of any such Claim, cause of action, setoff or recoupment.

### B.      Disputed Claims.

No distributions and no payments will be made with respect to all or any portion of a Disputed Claim until such Claim becomes an Allowed Claim.

C.    **Distributions.**

1.    **Disputed Claims.**

Except as may otherwise be agreed with respect to any Disputed Claim, no payment or distribution will be made with respect to all or a portion of any Disputed Claim until such Claim is an Allowed Claim.  Payments and distributions to each holder of a Disputed Claim (to the extent that it ultimately becomes an Allowed Claim) will be made in accordance with the Plan.

2.    **Distribution Date.**

Notwithstanding anything to the contrary contained herein, no distributions will be made under the Plan on account of any Claim until the Distribution Date, which, with regard to any individual Claim, shall be the latest of the following:  (a) as soon as practicable after the Effective Date, but in no event more than thirty (30) days after the Effective Date; (b) as soon as practicable after the day upon which such Claim becomes an Allowed Claim, but in no event more than thirty (30) days after the entry of a Final Order allowing such Claim; or (c) the date upon which the Claim became due and payable under applicable nonbankruptcy law.

3.    **Unclaimed Distributions.**

The Reorganized Debtor will hold until the second anniversary of the Effective Date any unclaimed distributions to be made to the holders of Allowed Claims under the Plan.  Any unclaimed Cash will be deposited by the Reorganized Debtor in a segregated, interest-bearing account for the sole benefit of the holders of the Allowed Claims who have failed to Claim such property.  On the second anniversary of the Effective Date, any unclaimed distributions to be made to holders of Allowed Claims will become the property of the Reorganized Debtor.

4.    **No *De Minimis* Distributions.**

Notwithstanding anything to the contrary in this Plan, no distribution of less than $5.00 will be made to any holder of an Allowed Claim on account thereof.  No consideration will be provided in lieu of the *de minimis* distributions that are not made under this Section.

**D.    No Disbursing Agent.**

Reorganized Debtor shall act as disbursing agent under the Plan and make all distributions required under the Plan.  Reorganized Debtor may employ or contract with other entities to assist in or perform the distribution of property to be distributed.

**E.    Manner Of Payment Under The Plan.**

Cash payments made pursuant to the Plan shall be in United States dollars by checks drawn on a domestic bank selected by Reorganized Debtor or by wire transfer from a domestic bank, at Reorganized Debtor's option.

**F.    Delivery Of Distributions.**

Except as provided above in section VII.C.3 for holders of undeliverable distributions, distributions to holders of Allowed Claims shall be distributed by mail as follows: (1) at the addresses set forth on the respective proofs of Claim by such holders; (2) at the addresses set forth in any written notices of address changes delivered to the Reorganized Debtor after the date of any related proof of Claim; or (3) at the address reflected on the Schedules if no proof of Claim or proof of interest is Filed and the Disbursing Agent has not received a written notice of a change of address.

**G.    Compliance With Tax Requirements.**

In connection with the Plan, to the extent applicable, the Reorganized Debtor, in making distributions under the Plan, shall comply with all withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to the Plan shall be subject to such withholding and reporting requirements.

**H.    Old Instruments And Securities; Liens.**

**1.    Rights Of Persons Holding Old Instruments And Securities.**

Except as otherwise provided herein, as of the Effective Date, and whether or not surrendered by the holder thereof, all existing instruments and securities evidencing any Claims or interests shall be deemed automatically cancelled and deemed void and of no further force or effect, without any further action on the part of any person, and any Claims or interests under or evidenced by any instruments or securities shall be deemed discharged.

545240v2                                              -28-

2.    **Cancellation Of Liens.**

Except as otherwise provided in the Plan, any lien securing any Secured Claim, shall be deemed released and discharged, and the person holding such Secured Claim shall be authorized and directed to release any collateral or other property of the Debtor (including, without limitation, any cash collateral) held by such person and to take such actions as may be requested by the Reorganized Debtor to evidence the release of such lien, including, without limitation, the execution, delivery and filing or recording of such releases as may be requested by the Reorganized Debtor at the sole expense of the Reorganized Debtor.

**I.    Interest.**

Nothing in this Article shall affect any right of the holder of any Allowed Claim to include interest accruing prior to the Petition Date, but no Claim shall be allowed for interest for periods after the Petition Date, or after the Confirmation Date, except as expressly provided in the Plan.

**VIII.**

**REQUEST TO CONFIRM WITHOUT VOTING**

Because the Plan proposes not to impair any Class of Claims, the Debtor requests confirmation of the Plan under Bankruptcy Code §§1124 & 1129, without the need for a disclosure statement or the solicitation of votes.  All Classes are deemed to have accepted the Plan, pursuant to Bankruptcy Code § 1126(f).

Dated:  November __, 2010                LITTLE TOKYO PARTNERS, L.P.


                                                    _____

                                                    By:    _____

Submitted by:


*/s/ Neeta Menon*_____

1

JEFFREY C. KRAUSE, and

2

NEETA MENON, Members of

STUTMAN, TREISTER & GLATT

3

PROFESSIONAL CORPORATION

Reorganization Counsel for the Debtor

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1901 Avenue of the Stars, 12th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document described as **DEBTOR'S AMENDED PLAN OF REORGANIZATION (November 4, 2010)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 4, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

> Dan E Chambers on behalf of Interested Party Courtesy NEF
> dan.chambers@troutmansanders.com
>
> Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
> russell.clementson@usdoj.gov
>
> Peter Csato on behalf of Interested Party Courtesy NEF
> efiling@frandzel.com, banderson@frandzel.com;pcsato@frandzel.com
>
> Michael G Fletcher on behalf of Interested Party Courtesy NEF
> mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
>
> Bernard R Given on behalf of Interested Party Courtesy NEF
> bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
>
> Mette H Kurth on behalf of Creditor Committee Official Committee of Unsecured Creditors
> kurth.mette@arentfox.com
>
> Mary D Lane on behalf of Creditor Crestline Hotels & Resorts, Inc.
> mlane@pszjlaw.com
>
> Samuel R Maizel on behalf of Debtor Little Tokyo Partners, L.P.
> smaizel@pszjlaw.com, smaizel@pszjlaw.com
>
> Neeta Menon on behalf of Debtor Little Tokyo Partners, L.P.
> nmenon@stutman.com
>
> Kenneth N Russak on behalf of Counter-Defendant First Citizens Bank & Trust Company
> krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com
>
> Meghan C Sherrill on behalf of Counter-Claimant Little Tokyo Partners, L.P.
> meghan.sherrill@troutmansanders.com
>
> United States Trustee (LA)
> ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **November 4, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.


*See Exhibit A, which is attached hereto and incorporated herein by reference*

☒ Service information continued on attached page


**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 4, 2010,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.


**SERVED BY PERSONAL DELIVERY**

Hon. Barry Russell
U.S. Bankruptcy Court
255 E Temple St Ste 1660
Los Angeles, CA  90012-3543


☐ Service information continued on attached page


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


| November 5, 2010 | Joanne B. Stern | *Joanne B. Stern* |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
545428v.1

**F 9013-3.1.PROOF.SERVICE**

**Exhibit A**

**(SERVED BY U.S. MAIL)**

Little Tokyo Partners (6325)
General Service List
Doc #542310 – Rev. 08/26/10

Little Tokyo Partners LP
1880 Century Park East Suite 810
Los Angeles, CA 90067

Office of the US Trustee
725 S Figueroa St
Suite 2600
Los Angeles, CA 90017

Frandzel Robins Bloom Csato
Peter Csato, Esq
6500 Wilshire Blvd 17th Fl
Los Angeles, CA 90048-4920

First Citizens Bank and Trust
1801 Century Park East Suite 800
Los Angeles, CA 90067

Excell Investment Group, LLC
23586 Calabasas Rd. #100
Calabasas, CA 91302

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

Counsel for the Official Committee of
Unsecured Creditors
Mette Kurth, Esq. / M. Douglas Flahaut, Esq.
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013

Able Engineering Services
Contact: Jim Johnson, VP
868 Folsom Street
San Francisco, CA 94107

Waxie Sanitary Supply
Attn:  John Olea, Corp. Credit Mngr.
PO Box 81006
San Diego, CA 92138

Room Service Amenities
Attn:  Charmaine Gardner, Accounting
Administrator
1010 Campus Drive West
Morganville, NJ 07751

LA DWP
PO Box 30808
Los Angeles, CA 90030

Crestline Hotels & Resorts
Contact: Elizabeth Lieberman, Esq.
3950 University Drive Suite 301
Fairfax, VA 22030

State of California
Board of Equalization
PO Box 942870
Sacramento, CA 94279

Bank of America N.A.
Attn: Jerri Shephard
1185 Avenue of the Americas, 16th Floor
New York, NY 10035

Wells Fargo Bank, N.A.
Attn: Michael Barry
433 North Camden Drive
Beverly Hills, CA 90210

Requests for Notice:

Samuel R. Maizel, Esq.
Mary D. Lane, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Fl.
Los Angeles, CA  90067

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
545428v.1

**F 9013-3.1.PROOF.SERVICE**