Michael Gerard Fletcher (State Bar No. 070849)
  mfletcher@frandzel.com
Bernard R. Given II (State Bar No. 134718)
  bgiven@frandzel.com
Michael J. Gomez (State Bar No. 251571)
  mgomez@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California  90048-4920
Telephone:  (323) 852-1000
Facsimile:  (323) 651-2577

Attorneys for Creditor
First-Citizens Bank & Trust Company

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LITTLE TOKYO PARTNERS, L.P.,<br>a Delaware limited partnership,<br><br>Debtor. | CASE No. 2:10-bk-39113-BR<br><br>Chapter 11<br><br>**EX PARTE APPLICATION FOR THE COURT TO RULE ON THE MOTION FOR ORDER SETTING THE HEARING DATE ON THE MOTION TO APPROVE FIRST-CITIZENS BANK & TRUST COMPANY'S DISCLOSURE STATEMENT; OR, IN THE ALTERNATIVE, ENTER AN ORDER SHORTENING TIME FOR HEARING ON THE MOTION UNDER LOCAL BANKRUPTCY RULE 9075-1(b); DECLARATION OF BERNARD R. GIVEN II IN SUPPORT THEREOF** |

781619.1 | 100102-0083

EX PARTE APPLICATION TO RULE ON MOTION FOR ORDER SETTING HEARING DATE

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND OTHER PARTIES IN INTEREST:**

First-Citizens Bank & Trust Company, a creditor in above captioned Chapter 11 case (the "Bank"), hereby requests *ex parte* that the Court rule on the "Motion For Order Setting The Hearing Date On The Motion To Approve First-Citizens Bank & Trust Company's Disclosure Statement" (the "Motion")[1] without a hearing; or, in the alternative, pursuant to Local Bankruptcy Rule 9075-1(b), the Bank hereby applies *ex parte* for an order shortening time for notice and hearing on the Motion.

Good cause exists to grant this Application. It is critical that the Bank be afforded the opportunity to move forward as efficiently as possible. The Bank has already filed its Plan and Disclosure Statement and is prepared to file its "Motion for Order (1) Approving Disclosure Statement to Accompany First-Citizens Bank & Trust Company's Plan of Liquidation; (2) Approving Form of Ballot; (3) Approving Ballot Tabulation Procedures; and (4) Fixing Related Deadlines and Procedures" (the "Disclosure Statement Motion").

However, there is no procedural mechanism for self-calendaring a hearing to consider the adequacy of the Bank's Disclosure Statement. The Court's "Order for Filing the Debtor's Plan of Reorganization and Disclosure Statement and Order Setting Hearing for Approval of Disclosure Statement" [Docket No. 55] (the "Preliminary Hearing Order") was previously vacated. Furthermore, the Court has set February 14, 2010 as the hearing date on the confirmation of the Plan of Reorganization of Little Tokyo Partners, L.P. (the "Debtor"). The Debtor also waived exclusivity periods under 11 U.S.C. § 1121 on September 8, 2010.

Unless the Court sets a hearing date, there is no other means for scheduling a date to consider the adequacy of the Bank's Disclosure Statement and hear the Bank's Disclosure Statement Motion.

---

[1] Terms not otherwise defined herein shall have the same meanings ascribed to them as in the Motion.

781619.1 | 100102-0083

1

EX PARTE APPLICATION TO RULE ON MOTION FOR ORDER SETTING HEARING DATE

     In an effort to implement the Bank's Plan and provide timely relief to creditors, the Bank filed the Motion in order to expedite the Court's consideration of the Bank's Disclosure Statement. Therefore, by this Application, the Bank requests that the Court rule on the Motion without a hearing; or, in the alternative, requests that the Court enter an order shortening time for hearing on the Motion and setting the matter for hearing on the first available date on the Court's calendar.

     This Application is based upon the attached Memorandum of Points and Authorities, the Declaration of Bernard R. Given, II (the "Given Declaration"), the Motion, which is attached to the Given Declaration as Exhibit "1", the Proposed Order, which is attached to the Given Declaration as Exhibit "2", the records and files in this case, and any evidence that may be presented to the Court at or prior to the hearing on the Motion. The Motion is also being filed and served concurrently with this Application.

     Any opposition to the Motion or this Application may be presented until and at the time of the hearing (if any) on the Motion. Written opposition may be filed with the Court (with a courtesy copy to the Judge's chambers) and a copy of such opposition may be sent to the Bank's counsel by facsimile at (323) 651-2577 or by e-mail to mgomez@frandzel.com.

DATED: December 9, 2010     Respectfully submitted,

FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
BERNARD R. GIVEN II
MICHAEL J. GOMEZ

By: /s/ Michael J. Gomez
MICHAEL J. GOMEZ
Attorneys for First-Citizens Bank & Trust Company

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS[2]

### A. Petition Date and Jurisdiction.

On July 15, 2010 (the "Petition Date"), the Debtor commenced the above-captioned chapter 11 case by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor is continuing to manage its financial affairs as debtor in possession.

This Court has jurisdiction over this Chapter 11 Case and this Motion pursuant to 28 U.S.C. §§ 1334 and 157(b), and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. Background.

#### 1. Business Operations.

Little Tokyo Partners, L.P., a Delaware limited partnership (the "Debtor"), owns the Kyoto Grand Hotel and Gardens (the "Hotel") and Weller Court ("Weller Court") in the "Little Tokyo" area of Downtown Los Angeles. The Debtor purchased the 21-story Hotel in 2007.

#### 2. Developments in the Chapter 11 Case.

The Chapter 11 Case has been pending for approximately six months. The Debtor originally filed a Disclosure Statement and a Plan of Reorganization on August 31, 2010. The Debtor filed an amended Disclosure Statement that same day. The Debtor waived the exclusivity periods under 11 U.S.C. § 1121 on September 8, 2010.

The Court held a hearing on the adequacy of the Debtor's Disclosure Statement on October 7, 2010, which was continued to October 19, 2010. Prior to the hearing, however, the Debtor filed

---

[2] Terms not otherwise defined herein shall have the same meanings ascribed to them as in the preceding Motion.

781619.1 | 100102-0083

3

EX PARTE APPLICATION TO RULE ON MOTION FOR ORDER SETTING HEARING DATE

a second amended Disclosure Statement and an amended Plan of Reorganization on October 5, 2010. The Debtor's plans of reorganization and disclosure statements were premised on the Debtor valuing the Hotel and Weller Court at approximately $18 million, collectively.

At the continued hearing on the Debtor's Disclosure Statement held on October 19, 2010, the Bank apprised all parties of an interest to purchase the Hotel and Weller Court for $44 million. The Debtor then abandoned its prior plans of reorganization and submitted a new Plan of Reorganization whereby its asserts all parties are unimpaired. The Court set February 14, 2010, as the hearing date to consider the confirmation of the Debtor's latest Plan of Reorganization. The Bank has now filed its own Disclosure Statement and a competing Plan of Liquidation. The Bank has also prepared and is ready to file its Disclosure Statement Motion.

## II.

## ARGUMENT

In light of the fact that the Motion seeks only to establish hearing dates in this case and not affect any substantive rights of any parties in interest, the Bank respectfully requests that the Court rule on the Motion without holding a further hearing. As the Bankruptcy Rules and Local Rules require at least 36 days' notice of any hearing on the adequacy of a Disclosure Statement and the Bank has already filed its Plan and Disclosure Statement, parties in interest will have even more time than is required to raise objections to the Bank's Disclosure Statement.

Alternatively, the Debtor requests that the Motion be heard on shortened time. Bankruptcy Code section 102(1) defines the phrase "after notice and a hearing" to mean "after such notice <u>as is appropriate in the particular circumstances</u>, and such opportunity for a hearing <u>as is appropriate in the particular circumstances</u>." 11 U.S.C. § 102(1)(A) (emphasis added). Moreover, section 102(1) provides that, even in instances where relief is to be granted "after notice and a hearing," the Court may "authorize[] an act without an actual hearing if such notice is given properly and . . . there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act." <u>Id</u>. § 102(1)(B).

This Court is also authorized to shorten the notice period for motions, pursuant to Rule 9075-1 of the Local Bankruptcy Rule for the Central District of California, upon a showing of

1  cause.

2  As the Motion itself indicates, the Motion needs to be heard on shortened time so that
3  creditors, and other interested parties will not have to wait for an undetermined period of time for
4  the Court to consider the adequacy of the Bank's Disclosure Statement. This protracted period of
5  time is especially inefficient considering the fact that the Disclosure Statement and Plan have
6  already been filed with this Court. It is in the best interest of all parties, especially the Debtor's
7  creditors, for the Court to fix the hearing to consider the adequacy of the Bank's Disclosure
8  Statement on the Court's first available hearing date that would allow the Bank sufficient time to
9  provide notice to parties in interest in compliance with requirements under the Bankruptcy Rule
10  3017 and Local Rule 3017-1. Alternatively, to the extent that a preliminary hearing is necessary
11  prior to the Court setting a further hearing date to consider the adequacy of the Bank's Disclosure
12  Statement, it is critical that this preliminary hearing take place as soon as possible. This would
13  ensure that the Bank can proceed with its Plan in an expeditious manner that is in the best interests
14  of the Debtor's estate and its creditors.

## III.

## NOTICE

17  If the Court grants the relief requested in this Application, the Bank will either serve (i) the
18  Order on the Motion if the Court decides to grant the Motion without a further hearing or (ii) the
19  Proposed Order setting the hearing regarding the Motion on shortened notice on the secured
20  creditors, the official committee of unsecured creditors and its counsel, the Office of the United
21  States Trustee, and other parties in interest who are likely to be adversely affected by the granting
22  of the Motion. The Bank shall give notice by telephone, fax, e-mail, personal service, or as
23  ordered by the court, pursuant to LBR 9075-1(b)(7).

## IV.

## CONCLUSION

28  **WHEREFORE**, based upon the arguments and authorities set forth above, the Bank

respectfully requests that the Court rule on the Motion without a further hearing; or, <u>in the alternative</u>, the Court enter an order, substantially in the form of the Proposed Order lodged concurrently herewith and included as Exhibit "2" to the Given Declaration, scheduling a hearing at the earliest practicable date to consider the Motion.

DATED: December 9, 2010

Respectfully submitted,

FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
BERNARD R. GIVEN II
MICHAEL J. GOMEZ

By: /s/ Michael J. Gomez
MICHAEL J. GOMEZ
Attorneys for First-Citizens Bank & Trust Company

781619.1 | 100102-0083

6

EX PARTE APPLICATION TO RULE ON MOTION FOR ORDER SETTING HEARING DATE

## DECLARATION OF BERNARD R. GIVEN II

I, Bernard R. Given II, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a member of Frandzel Robins Bloom & Csato L.C., attorneys of record for First-Citizens Bank & Trust Company. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

2. I submit this Declaration in support of the "Ex Parte Application For the Court To Rule On The Motion For Order Setting The Hearing Date On The Motion To Approve First-Citizens Bank & Trust Company's Disclosure Statement; Or, In The Alternative, Enter An Order Shortening Time For Hearing On The Motion Under Local Bankruptcy Rule 9075(b)-1."

3. Attached as Exhibit 1 is a true and correct copy of the "Motion For Order Setting The Hearing Date On The Motion To Approve First-Citizens Bank & Trust Company's Disclosure Statement. Attached as Exhibit 2 is a true and correct copy of the Proposed Order.

4. Good cause exists to grant this Application. It is critical that First-Citizens Bank & Trust Company be afforded the opportunity to move forward with its Plan of Liquidation as efficiently as possible. The opportunity to sell the assets of the bankruptcy estate may be lost to the detriment of all parties in interest if the Plan of Liquidation does not move forward by holding a hearing on the adequacy of First-Citizens Bank & Trust Company's Disclosure Statement.

5. First-Citizens Bank & Trust Company already filed its Plan and Disclosure Statement and is prepared to file its "Motion For Order (1) Approving Disclosure Statement to Accompany First-Citizens Bank & Trust Company's Plan of Liquidation; (2) Approving Form of Ballot; (3) Approving Ballot Tabulation Procedures; and (4) Fixing Related Deadlines and Procedures" (the "Disclosure Statement Motion").

6. I understand First-Citizens Bank & Trust Company is not able not able to obtain a hearing date for the Court to consider the Disclosure Statement and the Disclosure Statement Motion in light of Little Tokyo Partners, L.P. (the "Debtor") waiving the exclusivity periods under 11 U.S.C. § 1121 and the Court previously vacating of the "Order for Filing the Debtor's Plan of

Reorganization and Disclosure Statement and Order Setting Hearing for Approval of Disclosure Statement."

7. In an effort to implement the Bank's Plan and provide timely relief to creditors, First-Citizens Bank & Trust Company filed the Motion in order to expedite the Court's consideration of First-Citizens Bank & Trust Company's Disclosure Statement. It is therefore critical that the Court rule on the Motion without a hearing; or, in the alternative, that the Court enter an order shortening time for the hearing on the Motion and setting the matter for hearing on the first available date on the Court's calendar.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed December 9, 2010, at Los Angeles, California.

_____
BERNARD R. GIVEN II

781655.1 | 100102-0083

2

DECLARATION OF BERNARD R. GIVEN II

# Exhibit 1

Michael Gerard Fletcher (State Bar No. 070849)
  mfletcher@frandzel.com
Bernard R. Given II (State Bar No. 134718)
  bgiven@frandzel.com
Michael J. Gomez (State Bar No. 251571)
  mgomez@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California  90048-4920
Telephone:  (323) 852-1000
Facsimile:  (323) 651-2577

Attorneys for Creditor
First-Citizens Bank & Trust Company

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LITTLE TOKYO PARTNERS, L.P.,<br>a Delaware limited partnership,<br><br>Debtor. | CASE No. 2:10-bk-39113-BR<br><br>Chapter 11<br><br>**FIRST-CITIZENS BANK & TRUST COMPANY'S MOTION FOR ORDER SETTING THE HEARING DATE ON THE MOTION TO APPROVE THE FIRST-CITIZENS BANK & TRUST COMPANY'S DISCLOSURE STATEMENT**<br><br>**[If Required, Hearing to be Set by the Court]** |

781561.1 | 100102-0083

*9*

MOTION FOR ORDER SETTING HEARING DATE ON MOTION
TO APPROVE FIRST-CITIZENS BANK & TRUST COMPANY'S DISCLOSURE STATEMENT

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that pursuant to this motion (the "Motion"), First-Citizens Bank & Trust Company, a creditor in above captioned Chapter 11 case (the "Bank"), hereby requests that this Court enter an order: (a) setting a hearing date to consider the "Motion for Order (1) Approving Disclosure Statement to Accompany First-Citizens Bank & Trust Company's Plan of Liquidation; (2) Approving Form of Ballot; (3) Approving Ballot Tabulation Procedures; and (4) Fixing Related Deadlines and Procedures" (the "Disclosure Statement Motion") on the Court's first available date that would allow the Bank sufficient time to comply with the notice requirements under Rule 3017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule ("Local Rule") 3017-1.

**PLEASE TAKE FURTHER NOTICE** that the Bank has requested, pursuant to a separately filed motion, that this Motion be heard on shortened time pursuant to Local Bankruptcy Rule 9075, or in the alternative be considered without a hearing. Upon the Court granting that request, the Bank will provide notice to interested parties of the date and time of the hearing on this Motion and the time by which parties must file any opposition to the relief requested in the Motion, or, in the alternative, will provide notice of the Court's order on this Motion.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based upon these moving papers, the accompanying Memorandum of Points and Authorities, the Proposed Order on this Motion attached hereto as Exhibit "1", the record in this case, the "First-Citizens Bank & Trust Company's Plan of Liquidation (December 8, 2010)" (the "Plan"), the "Disclosure Statement to Accompany First-Citizens Bank & Trust Company's Plan of Liquidation (December 8, 2010)" (the "Disclosure Statement"), and any evidence that may be presented to the Court at or prior to the hearing (if any) on the Motion.

781561.1 | 100102-0083

1

MOTION FOR ORDER SETTING HEARING DATE ON MOTION
TO APPROVE FIRST-CITIZENS BANK & TRUST COMPANY'S DISCLOSURE STATEMENT

1     **WHEREFORE**, the Bank respectfully requests that the Court enter an order, substantially
2 in the form attached hereto as Exhibit "1" setting a hearing date to consider the Disclosure
3 Statement Motion on the Court's first available date that would allow the Bank sufficient time to
4 comply with the notice requirements under Bankruptcy Rule 3017 and Local Rule 3017.

7 DATED: December 9, 2010     Respectfully submitted,

8                                           FRANDZEL ROBINS BLOOM & CSATO, L.C.
                                              MICHAEL GERARD FLETCHER
9                                             BERNARD R. GIVEN II
10                                           MICHAEL J. GOMEZ

12                                 By:  /s/ Michael J. Gomez
13                                       MICHAEL J. GOMEZ
                                           Attorneys for First-Citizens Bank & Trust
14                                          Company

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS[1]

**A.  Petition Date and Jurisdiction.**

On July 15, 2010 (the "Petition Date"), the Debtor commenced the above-captioned chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor is continuing to manage its financial affairs as debtor in possession.

This Court has jurisdiction over this Chapter 11 Case and this Motion pursuant to 28 U.S.C. §§ 1334 and 157(b), and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**B.  Background.**

**1.  Business Operations.**

Little Tokyo Partners, L.P., a Delaware limited partnership (the "Debtor"), owns the Kyoto Grand Hotel and Gardens (the "Hotel") and Weller Court ("Weller Court") in the "Little Tokyo" area of Downtown Los Angeles. The Debtor purchased the 21-story Hotel in 2007.

**2.  Developments in the Chapter 11 Case.**

The Chapter 11 Case has been pending for approximately six months. The Debtor originally filed a Disclosure Statement and a Plan of Reorganization on August 31, 2010. The Debtor filed an amended Disclosure Statement that same day. The Debtor waived the exclusivity periods under 11 U.S.C. § 1121 on September 8, 2010.

The Court held a hearing on the adequacy of the Debtor's Disclosure Statement on October 7, 2010, which was continued to October 19, 2010. Prior to the hearing, however, the Debtor filed

---

[1] Terms not otherwise defined herein shall have the same meanings ascribed to them as in the preceding Motion.

a second amended Disclosure Statement and an amended Plan of Reorganization on October 5, 2010. The Debtor's plans of reorganization and disclosure statements were premised on the Debtor valuing the Hotel and Weller Court at approximately $18 million, collectively.

At the continued hearing on the Debtor's Disclosure Statement held on October 19, 2010, the Bank apprised all parties of an interest to purchase the Hotel and Weller Court for $44 million. The Debtor then abandoned its prior plans of reorganization and submitted a new Plan of Reorganization whereby its asserts all parties are unimpaired. The Court set February 14, 2010, as the hearing date to consider the confirmation of the Debtor's latest Plan of Reorganization. The Bank has now filed its own Disclosure Statement and a competing Plan of Liquidation. The Bank has also prepared and is ready to file its Disclosure Statement Motion.

## II.

## ARGUMENT

The Bank hereby requests that the Court set a hearing date to consider the approval of the Bank's Disclosure Statement on the Court's first available hearing date that would allow the Bank sufficient time to provide notice to parties in interest in compliance with requirements under the Bankruptcy Rule 3017 and Local Rule 3017-1. As noted above, the Bank is prepared to file the Disclosure Statement Motion upon the Court fixing a hearing date to consider such motion.

Presently, there is no procedural mechanism for self-calendaring a hearing to consider the adequacy of the Bank's Disclosure Statement. Furthermore, a hearing on the Debtor's Plan of Reorganization is set for February 14, 2010. Delaying the hearing on the Bank's Disclosure Statement would not be in the best interests of the Debtor's estate or its creditors as it would needlessly deny interested parties the opportunity to be heard on the Bank's Plan of Liquidation. The Bank, therefore, requests that the Court set a hearing date to consider the adequacy of the Bank's Disclosure Statement and hear the Bank's Disclosure Statement Motion on the Court's first available hearing date that would allow the Bank sufficient time to provide notice to parties in interest in compliance with requirements under the Bankruptcy Rule 3017 and Local Rule 3017-1.

## III.

## CONCLUSION

**WHEREFORE**, the Bank respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit "1" setting a hearing date to consider the Disclosure Statement Motion on the Court's first available date that would allow the Bank sufficient time to comply with the notice requirements under Bankruptcy Rule 3017 and Local Rule 3017.

DATED: December 9, 2010            Respectfully submitted,

FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
BERNARD R. GIVEN II
MICHAEL J. GOMEZ


By: /s/ Michael J. Gomez
MICHAEL J. GOMEZ
Attorneys for First-Citizens Bank & Trust Company

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

781561.1 | 100102-0083                   5

MOTION FOR ORDER SETTING HEARING DATE ON MOTION
TO APPROVE FIRST-CITIZENS BANK & TRUST COMPANY'S DISCLOSURE STATEMENT

14

# Exhibit 2

1  Michael Gerard Fletcher (State Bar No. 070849)
   mfletcher@frandzel.com
2  Bernard R. Given II (State Bar No. 134718)
   bgiven@frandzel.com
3  Michael J. Gomez (State Bar No. 251571)
   mgomez@frandzel.com
4  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   6500 Wilshire Boulevard
5  Seventeenth Floor
   Los Angeles, California  90048-4920
6  Telephone:  (323) 852-1000
   Facsimile:  (323) 651-2577
7
   Attorneys for Creditor
8  First-Citizens Bank & Trust Company

9

10                     UNITED STATES BANKRUPTCY COURT

11                     CENTRAL DISTRICT OF CALIFORNIA

12                           LOS ANGELES DIVISION

13

14  In re                                    CASE No. 2:10-bk-39113-BR

15  LITTLE TOKYO PARTNERS, L.P.,             Chapter 11
    a Delaware limited partnership,
16                                           [PROPOSED] ORDER GRANTING
              Debtor.                        FIRST-CITIZENS BANK & TRUST
17                                           COMPANY'S EX PARTE APPLICATION
                                             FOR THE COURT TO RULE ON THE
18                                           MOTION FOR ORDER SETTING THE
                                             HEARING DATE ON THE MOTION TO
19                                           APPROVE THE FIRST-CITIZENS BANK
                                             & TRUST COMPANY'S DISCLOSURE
20                                           STATEMENT; OR, IN THE
                                             ALTERNATIVE, ENTER AN ORDER
21                                           SHORTENING TIME FOR HEARING ON
                                             THE MOTION UNDER LOCAL
22                                           BANKRUPTCY RULE 9075-1(b)

23

24

25

26

27

28
   781631.1 | 100102-0083                                                    15
   ─────────────────────────────────────────────────────────────────────
   [PROPOSED] ORDER GRANTING FIRST-CITIZENS BANK & TRUST COMPANY'S EX PARTE
                              APPLICATION

1  On December 9, 2010, First-Citizens Bank & Trust Company, a creditor in above captioned Chapter 11 case (the "Bank"), filed an ex parte application requesting that the Court rule on the "Motion For Order Setting The Hearing Date On The Motion To Approve The First-Citizens Bank & Trust Company's Disclosure Statement" (the "Motion")[1] without a hearing; or, in the alternative, pursuant to Local Bankruptcy Rule 9075-1(b), that the Court enter an order shortening time for a hearing on the Motion. The Court, having read and considered Bank's ex parte application, and good cause appearing therefore, the ex parte application is hereby **GRANTED**.

**IT IS FURTHER ORDERED AS FOLLOWS:**

There shall be no further hearing on the Motion, and the Court shall enter a separate order on the Motion.

- OR -

[1. A hearing on the Motion (the "Hearing") will be conducted on January _, 2010 at _____ a.m./p.m, in Courtroom 1668 before this Court, located at 255 East Temple Street, Los Angeles, California.]

[2. Telephonic notice of the Hearing shall be given no later than 48 hours before the Hearing to the following parties: the Office of the United States Trustee ("OUST"), counsel for the Official Committee of Unsecured Creditors (the "Committee"), counsel for secured creditor Little Tokyo Partners, L.P. (the "Debtor"), secured creditor Excell Investment Group, LLC, and counsel for Crestline Hotels & Resorts (the "Telephonic Notice Parties").]

[3. The Bank shall serve this Order no later than 48 hours before the Hearing by fax, e-mail, or personal service to all parties required to receive notice in this case pursuant to the prior Court order limiting notice [Docket No. 37] (the "Limit Notice Order").]

[4. A declaration by the Bank establishing that telephonic notice, written notice and service of this Order was completed shall be filed at or before the Hearing.]

---

[1] Terms not otherwise defined herein shall have the same meanings ascribed to them as in the Motion.

781631.1 | 100102-0083

[PROPOSED] ORDER GRANTING FIRST-CITIZENS BANK & TRUST COMPANY'S EX PARTE APPLICATION

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

[5. The Motion has already been served on all parties entitled to notice pursuant to the Limit Notice Order, including the OUST, the Debtor, the Debtor's secured creditors, the Committee and its counsel, counsel for Crestline Hotels & Resorts and other parties in interest on December 9, 2010 by overnight mail.]

[6. Any opposition to the Motion must be filed with the Court and served upon the Bank no later than _____.]

SUBMITTED BY:

DATED: December 9, 2010                FRANDZEL ROBINS BLOOM & CSATO, L.C.
                                       MICHAEL GERARD FLETCHER
                                       BERNARD R. GIVEN II
                                       MICHAEL J. GOMEZ


                                       By: /s/ Michael J. Gomez
                                           MICHAEL J. GOMEZ
                                           Attorneys for First-Citizens Bank & Trust
                                           Company


                                       ###

781631.1 | 100102-0083                      2
[PROPOSED] ORDER GRANTING FIRST-CITIZENS BANK & TRUST COMPANY'S EX PARTE APPLICATION