JEFFREY C. KRAUSE (STATE BAR NO. 94053), and
jkrause@stutman.com
CHRISTINE M. PAJAK (STATE BAR NO. 217173), Members of
cpajak@stutman.com
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone:    (310) 228-5600
Telecopy:     (310) 228-5788

Reorganization Counsel for
Debtor and Debtor in Possession

Debtor's Mailing Address:
1888 Century Park East, Suite 810
Los Angeles, CA 90067

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

In re

LITTLE TOKYO PARTNERS, L.P.,
a Delaware limited partnership,

    Debtor.

Case No. 2:10-39113-BR

Chapter 11

**NOTICE OF MOTION AND MOTION FOR ORDER (1) APPROVING SETTLEMENT WITH FIRST-CITIZENS BANK & TRUST COMPANY, (2) DISMISSING THE CHAPTER 11 CASE PURSUANT TO BANKRUPTCY CODE SECTION 1112(b) AND (3) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE**

Hearing

Date:    TBD
Time:    TBD
Ctrm:    Courtroom 1668
         255 E. Temple St.
         Los Angeles, CA  90012

547913v4

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL OF THE DEBTOR'S CREDITORS AND OTHER PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that Little Tokyo Partners, L.P. (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), will move and does hereby move (the "Motion") the Court for an order ("Order") approving the settlement agreement (the "Settlement Agreement") entered into by and among the Debtor, First-Citizens Bank & Trust Company (the "Bank"), and the equity owners of the Debtor who will guarantee certain obligations of the Debtor under the Settlement Agreement (the "Guarantors," and collectively, with the Debtor and Bank, the "Parties").  The proposed Settlement Agreement contemplates a settlement of all claims among the Parties relating to the Chapter 11 Case and that certain adversary proceeding that the Bank commenced against the Debtor (Adv. Case No. 2:10-AP-02412-BR) (the "Adversary Proceeding") by, among other things, restructuring the payment terms of the Debtor's outstanding debt payable to the Bank.  The Settlement Agreement is described in greater detail in the Memorandum of Points and Authorities (the "Memorandum"), and a copy is attached to the Declaration of Joseph Daneshgar (the "Daneshgar Declaration") as Exhibit "1," both of which are being filed concurrently herewith.  In addition, the Motion is also supported by the Declaration of David Goddard (the "Goddard Declaration").  Copies of the Memorandum, with the annexed Daneshagar Declaration, and Goddard Declaration are available from the Clerk of the Bankruptcy Court or upon written request to counsel for the Debtor.  As the Settlement Agreement also contemplates the dismissal of this Chapter 11 Case, the Debtor also moves the Court for the Order to provide for the dismissal of this Chapter 11 Case pursuant to Bankruptcy Code section 1112(b) and Bankruptcy Rule 1017 and requests that the Court retain limited jurisdiction after the dismissal of the Chapter 11 Case on the following matters:  (a) setting hearings and entering orders on final fee applications to be submitted by professionals of the Debtor's estate in the event that a dispute arises between the Debtor and any professional regarding the payment of their fees and expenses; (b) deciding matters related to Disputed Claims if a dispute arises in connection therewith; (c) overseeing any administrative matter that may arise in connection with implementing the dismissal; and (d) entering such ministerial orders as necessary to implement the dismissal.  The

Motion also seeks dismissal of the Adversary Proceeding, with prejudice, as set forth in the Settlement Agreement.

As set forth in the accompanying Memorandum and Daneshgar Declaration, the Settlement Agreement was negotiated in good faith, is reasonable, fair, and equitable and is in the best interests of the Debtor's estate and its creditors. In addition, the dismissal of the Chapter 11 Case is the most cost effective way for the Debtor to emerge from these proceedings and will not impair the rights of any creditor. As set forth in the Goddard Declaration, the Debtor proposes to pay all undisputed claims and administrative expenses as a condition precedent to the dismissal becoming effective. This Motion is based upon these moving papers, the Memorandum, the Daneshgar Declaration, the Goddard Declaration, and the record in the Chapter 11 Case.

**PLEASE TAKE FURTHER NOTICE** that, concurrent with the filing of this Motion, the Debtor has also filed a motion for order shortening time requesting that the Court set a hearing to consider this Motion on an expedited basis. Upon being informed by the Court of the date and time of the hearing on this Motion, and the time to file any opposition to this Motion, the Debtor will notify interested parties.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 9013-1(h), the failure to file and serve a timely written opposition to the Motion may be deemed to constitute consent to the relief requested in the Motion.

**WHEREFORE,** the Debtor requests the entry of an order (1) approving, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Settlement Agreement, (2) authorizing and approving, pursuant to Bankruptcy Code section 1112(b) and Bankruptcy Rule 1017, the Debtor's voluntary dismissal of the Chapter 11 Case, (3) ruling that the Court retains jurisdiction with respect to the following limited matters:  (a) setting hearings and entering orders on final fee applications to be submitted by professionals employed by the Debtor or the Official Committee of Unsecured Creditors if a dispute arises between the Debtor and any professional regarding the payment of fees and expenses; (b) deciding matters related to Disputed Claims if a dispute arises in connection therewith, (c) overseeing any administrative matter that may arise in connection with implementing the dismissal; and (d) entering such ministerial orders as necessary to implement the

1  dismissal; (4) dismissal of the Adversary Proceeding, with prejudice and (5) granting such other and

2  further relief as this Court deems just and proper under the circumstances.

3

4  Dated: March 15, 2011                                        Respectfully submitted,

5                                                                                 */s/ Christine M. Pajak*
                                                                                  JEFFREY C. KRAUSE, and
6                                                                                 CHRISTINE M. PAJAK, Members of
                                                                                  STUTMAN, TREISTER & GLATT
7                                                                                 PROFESSIONAL CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28