JEFFREY C. KRAUSE (STATE BAR NO. 94053), and
jkrause@stutman.com
CHRISTINE M. PAJAK (STATE BAR NO. 217173), Members of
cpajak@stutman.com
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone:   (310) 228-5600
Telecopy:    (310) 228-5788

Reorganization Counsel for
Debtor and Debtor in Possession

<u>Debtor's Mailing Address</u>:
1888 Century Park East, Suite 810
Los Angeles, CA 90067

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>LITTLE TOKYO PARTNERS, L.P.,<br>a Delaware limited partnership,<br><br>              Debtor. | Case No. 2:10-39113-BR<br><br>Chapter 11<br><br>**REPLY BY DEBTOR IN RESPONSE TO THE OPPOSITIONS FILED AGAINST THE MOTION FOR ORDER (1) APPROVING SETTLEMENT WITH FIRST-CITIZENS BANK & TRUST COMPANY, (2) DISMISSING CHAPTER 11 CASE PURSUANT TO BANKRUPTCY CODE SECTION 1112(b), AND (3) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE**<br><br><u>Hearing</u><br><br>Date:    March 29, 2011<br>Time:   2:00 p.m.<br>Ctrm:   Courtroom 1668<br>            255 E. Temple St.<br>            Los Angeles, CA  90012 |

549306v2

Case 2:10-bk-39113-BR    Doc 234    Filed 03/25/11    Entered 03/25/11 15:42:12    Desc
Main Document    Page 2 of 9

Little Tokyo Partners, L.P., the above-captioned debtor and debtor-in-possession (the "Debtor"), hereby files this reply (the "Reply") in response to the "Adversarial-Proceeding Claimants' Conditional Objection to Debtor's Motion to Dismiss" [Docket No. 230] (the "ADA Litigant Opposition") and the "Opposition to the Motion for Order (1) Approving Settlement with First-Citizens Bank & Trust Company, (2) Dismissing Chapter 11 Case Pursuant to Bankruptcy Code Section 1112(B), and (3) Dismissing the Adversary Proceeding with Prejudice" [Docket No. 233] (the "TRC Opposition" and together with the ADA Litigant Opposition, the "ADA Oppositions"), and respectfully states as follows:

On March 15, 2011, the Debtor filed its "Motion for Order (1) Approving Settlement with First-Citizens Bank & Trust Company, (2) Dismissing Chapter 11 Case Pursuant to Bankruptcy Code Section 1112(B), and (3) Dismissing the Adversary Proceeding with Prejudice" [Docket No. 218] (the "Dismissal Motion"), the accompanying Memorandum of Points and Authorities [Docket No. 219] (the "Brief") and declarations in support of thereof, seeking among other things, the approval of a Settlement Agreement and the dismissal of the Chapter 11 Case.[1]

The proposed Settlement Agreement contemplates a settlement of all claims among the Parties relating to the Chapter 11 Case and that certain adversary proceeding that the Bank commenced against the Debtor (Adv. Case No. 2:10-AP-02412-BR) (the "Adversary Proceeding") by, among other things, restructuring the payment terms of the Debtor's outstanding debt payable to the Bank. No party has raised any objection to the approval of the Settlement Agreement.

Pursuant to the Dismissal Motion, the Debtor also seeks the dismissal of this Chapter 11 Case. As explained in the Brief, dismissal of the Chapter 11 Case is the most expeditious, cost-effective resolution of this bankruptcy case. Instead of delaying payment to creditors through the lengthy plan solicitation and confirmation process, the overwhelming majority of creditors holding pre-petition claims will be paid, in full, upon dismissal of the Chapter 11 Case. To ensure that creditors, who have already waited more than eight months for payment, are not forced to initiate actions in State court regarding any disputes that might arise in connection with the

---

[1] Terms not otherwise defined herein shall have the same meanings ascribed to them in the Dismissal Motion and Brief.

549306v2

2

1  payment of their pre-petition claims, the Debtor has requested that the Court retain jurisdiction to
2  handle certain limited matters, including, among other things, disputes, if any, in connection with the
3  Disputed Claims as well as any other matter that might arise regarding the payment of Undisputed
4  Claims. This process will not prejudice the rights of any creditor and will ensure that creditors are
5  paid in full. It was proposed by the Debtor in direct response to a request by the Official Committee
6  of Unsecured Creditors (the "Committee") for such provisions in connection with the dismissal.

7  Out of the hundreds of creditors who were served with copies of the Dismissal
8  Motion and related pleadings, the only parties to object to the dismissal of the Chapter 11 Case are
9  those claimants who hold an interest in the ADA Litigation. The ADA Litigant Opposition was filed
10 by Hugh Marsh, Neva Lema (and their claimant attorneys, Joel K. Belway, Gene R. Farber, and
11 Timothy S. Timesch) (the "ADA Litigants"), the original parties who commenced the ADA
12 Litigation pre-petition. The TRC Opposition, on the other hand, was filed by TRC Optimum Fund,
13 LLC ("TRC" and, along with the ADA Litigants, the "ADA Claimants"), an entity that purchased
14 certain claims associated with the ADA Litigation post-petition.[2]

15 At the heart of the ADA Oppositions is frustration that a contingent settlement
16 agreement that had been previously negotiated with the Debtor will not be implemented. As the
17 ADA Claimants reluctantly acknowledge, the parties' settlement was specifically conditioned on the
18 confirmation of the Debtor's proposed plan of reorganization. See ADA Litigation Opposition, 2:25-
19 26; TRC Opposition, 6:15-20. The Bank vehemently opposed confirmation of the Debtor's proposed
20 plan. The Bank proposed its own plan, under which the proposed settlement of the ADA Litigation
21 would not have been implemented. The Debtor has chosen to negotiate a good faith compromise
22 with the Bank, rather than engaging in expensive, time-consuming and risky litigation over which of
23 the two competing plans would be confirmed. Under the settlement with the Bank, the Debtor and

---

[2] TRC asserts that it purportedly acquired only the monetary damage claims associated with the ADA Litigation, not the injunctive relief sought by the ADA Litigants. See TRC Opposition, fn. 1. The Debtor reserves all rights it has to assert that the purported bifurcation of the ADA Litigation between the ADA Litigants and TRC was impermissible. It is difficult to understand how the ADA Litigants can have retained rights and TRC could have obtained the "claim" when the vast bulk of the money claim is the right to attorneys' fees incurred in litigating both monetary damages and injunctive relief, which fees have not been and cannot be allocated.

its principals are required to pay to the Bank millions of dollars more than was required by the Debtor's Plan. Having invested their cash to buy peace with the Bank and settle the confirmation battle, the Debtor cannot also implement the settlement of the ADA Litigation. Contrary to the apparent assertions made by the ADA Claimants, the Debtor cannot be forced into a settlement that it no longer believes is in its best interests.

The ADA Litigants' opposition includes their description of confidential settlement negotiations between the parties. See ADA Litigation Opposition, ¶5. This is an intentional violation of Rule 408 of the Federal Rules of Evidence and is grossly inappropriate. The Debtor will not address these confidential settlement discussions or the merits of any prior settlement and will instead focus on the impact of the proposed dismissal on the ADA Claimants. As set forth in the Brief and discussed further below, dismissal of the Chapter 11 Case is in the best interests of the Debtor's estate and will not prejudice the rights of the ADA Claimants in any way.

Although the ADA Claimants appear to share an interest in the ADA Litigation, they have raised different objections. The ADA Litigants express concern that the Dismissal Motion does not "provide a procedure for preserving [the ADA Litigants' adversary proceeding], or for its reference back to the U.S. District Court." See ADA Litigant Objection, 4:15-17. To address this concern, the Debtor has proposed that the order dismissing the Chapter 11 Case (the "Dismissal Order") include the following language:

> Upon this Order becoming a final, non-appealable order, the automatic stay in the Chapter 11 Case shall be terminated, reference of the ADA Litigation to this Court shall be withdrawn, and the ADA Litigation shall be transferred back to the United States District Court for the Central District of California in Los Angeles.

The ADA Litigants, however, have further demanded that the parties enter into a separate stipulation agreeing that the automatic stay be terminated immediately and a scheduling conference be set as soon as possible. These demands are beyond the scope of the Dismissal Motion, and it makes little sense for this Court to rule on scheduling a status conference when the ADA Litigation will be transferred back to the U.S. District Court, where the ADA Litigants originally elected to commence such litigation.

1            TRC, on the other hand, complains that the dismissal of the Chapter 11 Case is akin

2   to a *sub rosa* plan that prejudices the rights of TRC by unfairly subordinating payment of its claim to

3   all other claims. What TRC fails to acknowledge, however, is that its claim, unlike any other claim

4   asserted against the Debtor's estate, is a claim that is subject to pending litigation that has been

5   stayed as a result of the Debtor's bankruptcy filing.

6            TRC's argument that dismissal of the Chapter 11 Case subjects TRC to additional

7   risks and effectively subordinates its claims is meritless. TRC simply is not entitled to payment of its

8   disputed claim until and unless a court of competent jurisdiction rules that the Debtor is liable for

9   violating the ADA. No such ruling has been made. The Debtor is entitled to defend against the ADA

10  claims on the merits and is entitled to its day in court. Taking TRC's argument to its logical

11  conclusion, TRC appears to suggest that the ADA Litigation should hold up payment to all creditors

12  – i.e., no payment should be made to any single creditor until all claims against the Debtor have been

13  resolved. This does not make any sense; one disgruntled claimant cannot prejudice the rights of all

14  creditors. The Committee requested that the Dismissal Motion provide for immediate payment of all

15  undisputed claims. The Debtor accommodated this request. One disputed claimant should not have

16  the right to delay payment of the undisputed claims against the Debtor.

17           Contrary to TRC's assertions, resolution of this Chapter 11 Case through confirmation

18  of a plan does not guarantee that the previously negotiated settlement agreement would be approved

19  by this Court. The Bank's competing plan did not seek approval of the settlement of the ADA

20  Litigation, and the parties specifically agreed that their settlement agreement would be deemed null

21  and void if the "Bankruptcy Court fails to rule, *for any reason*, that the Plan should be confirmed."

22  See TRC Opposition, 6:16-17 (emphasis added). The ADA Litigants did not demand (and the

23  Debtor did not agree) to seek court approval of the ADA settlement during the case and outside of

24  the context of the Debtor's plan. TRC has no legitimate complaint that its rights are being unfairly

25  prejudiced by the dismissal of the Chapter 11 case.

26           Nothing in the dismissal changes any of the parties' rights or remedies in connection

27  with the ADA Litigation. Upon dismissal of the Chapter 11 Case, the ADA Claimants will be able

28  to pursue all of their non-bankruptcy remedies against the Debtor. These are the same rights and

1 remedies that they would be able to pursue if the Debtor had never filed for bankruptcy protection, 2 or if the Bank's competing plan were confirmed. Because the rights of the ADA Claimants or any 3 other creditor will not be prejudiced by the dismissal of the Chapter 11 Case, there is sound legal 4 basis for dismissing this Chapter 11 Case. See, e.g., In re OptinRealBig.com, LLC, 345 B.R. 277, 5 283 (Bankr. D. Col. 2006) (dismissing chapter 11 case and holding that, "[r]eorganization is a 6 process that is costly and time consuming for the parties and for the Court. Where … reorganizing 7 under the protection of the Bankruptcy Court no longer serves the interests of a debtor or its 8 creditors, then the Court believes that cause exists for dismissal …."); In re Geller, 74 B.R. 685, 689 9 (Bankr. E.D. Pa. 1987) ("a debtor wishing dismissal of a case should obtain this result in all but 10 extraordinary situations.").

11 **WHEREFORE,** the Debtor respectfully requests that the Court overturn the ADA 12 Objections and grant the Dismissal Motion on the terms set forth therein.

14 Dated: March 25, 2011                                                  Respectfully submitted,

*/s/ Christine M. Pajak*
JEFFREY C. KRAUSE, and
CHRISTINE M. PAJAK, Members of
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION

549306v2

6

| In re: | CHAPTER 11 |
|---|---|
| LITTLE TOKYO PARTNERS, L.P., a Delaware limited partnership,  Debtor(s). | CASE NUMBER 2:10-39113-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1901 Avenue of the Stars, 12th Floor, Los Angeles, California 90067.

A true and correct copy of the foregoing document described as: **REPLY BY DEBTOR IN RESPONSE TO THE OPPOSITIONS FILED AGAINST THE MOTION FOR ORDER (1) APPROVING SETTLEMENT WITH FIRST-CITIZENS BANK & TRUST COMPANY, (2) DISMISSING CHAPTER 11 CASE PURSUANT TO BANKRUPTCY CODE SECTION 1112(b), AND (3) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE** was served in the form and manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 25, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **March 25, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 25, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 25, 2011 | Debra G. Ige | */s/ Debra G. Ige* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
549343v1

**F 9013-3.1**

| In re: | CHAPTER 11 |
|---|---|
| LITTLE TOKYO PARTNERS, L.P., a Delaware limited partnership,                                      Debtor(s). | CASE NUMBER 2:10-39113-BR |

## I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Dan E Chambers    dan.chambers@troutmansanders.com
- Russell Clementson    russell.clementson@usdoj.gov
- Peter Csato    efiling@frandzel.com, ltokubo@frandzel.com;pcsato@frandzel.com
- Moriah D Flahaut    flahaut.douglas@arentfox.com
- Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Bernard R Given    bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Mette H Kurth    kurth.mette@arentfox.com
- Mary D Lane    mlane@pszjlaw.com
- Samuel R Maizel    smaizel@pszjlaw.com, smaizel@pszjlaw.com
- Neeta Menon    nmenon@stutman.com
- Hal M Mersel    mark.mersel@bryancave.com
- Christine M Pajak    cpajak@stutman.com
- Thomas M Robins    efiling@frandzel.com, achase@frandzel.com;trobins@frandzel.com
- Terrel Ross    tross@trcmllc.com
- Kenneth N Russak    krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com
- Meghan C Sherrill    meghan.sherrill@troutmansanders.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

## II. SERVED BY U.S. MAIL

Little Tokyo Partners (6325)
General Service List
Doc #542310 – Rev. 11/29/10

Little Tokyo Partners LP
1880 Century Park East Suite 810
Los Angeles, CA 90067

Office of the US Trustee
725 S Figueroa St
Suite 2600
Los Angeles, CA 90017

Frandzel Robins Bloom Csato
Bernard Given, Esq./Peter Csato, Esq.
6500 Wilshire Blvd 17th Fl.
Los Angeles, CA 90048-4920

First Citizens Bank and Trust
1801 Century Park East Suite 800
Los Angeles, CA 90067

Excell Investment Group, LLC
23586 Calabasas Rd. #100
Calabasas, CA 91302

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

Counsel for the Official Committee of Unsecured Creditors
Mette Kurth, Esq. / M. Douglas Flahaut, Esq.
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013

Able Engineering Services
Contact: Jim Johnson, VP
868 Folsom Street
San Francisco, CA 94107

Waxie Sanitary Supply
Attn: John Olea, Corp. Credit Mngr.
PO Box 81006
San Diego, CA 92138

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
549343v1

**F 9013-3.1**

| In re:                                                                   | CHAPTER 11                      |
|--------------------------------------------------------------------------|---------------------------------|
| LITTLE TOKYO PARTNERS, L.P., a Delaware limited partnership,   Debtor(s). | CASE NUMBER 2:10-39113-BR       |

Room Service Amenities
Attn: Charmaine Gardner, Accounting Administrator
1010 Campus Drive West
Morganville, NJ 07751

LA DWP
PO Box 30808
Los Angeles, CA 90030

Crestline Hotels & Resorts
Contact: Elizabeth Lieberman, Esq.
3950 University Drive Suite 301
Fairfax, VA 22030

State of California
Board of Equalization
PO Box 942870
Sacramento, CA 94279

Bank of America N.A.
Attn: Jerri Shephard
1185 Avenue of the Americas, 16th Floor
New York, NY 10035

Wells Fargo Bank, N.A.
Attn: Michael Barry
433 North Camden Drive, 12th Fl.
Beverly Hills, CA 90210

Samuel R. Maizel, Esq.
Mary D. Lane, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Fl.
Los Angeles, CA 90067

David S. Kupetz, Esq. And Mark S. Horoupian, Esq.
SulmeyerKupetz
333 South Hope St., Thirty-Fifth Flr.
Los Angeles, Ca 90071-1406

Michael Foreman, Esq.
Haynes & Boone, LLP
30 Rockefeller Plaza
26th Floor
New York, NY 10112

Joel K. Belway, Esq.
Law Offices of Joel K. Belway
Russ Bldg.
235 Montgomery St., #668
San Francisco, Ca 94104-2910

Timothy S. Thimesch, Esq.
Thimesch Law Office
158 Hilltop Crescent
Walnut Creek, CA 94597

**SERVED BY FEDERAL EXPRESS**

Hon. Barry Russell
U.S. Bankruptcy Court
255 E Temple St Ste 1660
Los Angeles, CA 90012-3543

**III. SERVED BY EMAIL**

Timothy S. Thimesch  - tim@thimeschlaw.com
Joel K. Belway - belwaypc@pacbell.net
Gene Farbe - GeneFarber@gmail.com
David S. Kupetz – dkupetz@sulmeyerlaw.com
Mark S. Horoupian – mhoroupian@sulmeyerlaw.com
Michael Foreman – mforeman@haynesboone.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
549343v1

**F 9013-3.1**