JEFFREY C. KRAUSE (STATE BAR NO. 94053), and
jkrause@stutman.com
CHRISTINE M. PAJAK (STATE BAR NO. 217173), Members of
cpajak@stutman.com
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone:     (310) 228-5600
Telecopy:      (310) 228-5788

Reorganization Counsel for
Debtor and Debtor in Possession

Debtor's Mailing Address:
1888 Century Park East, Suite 810
Los Angeles, CA 90067

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:10-39113-BR |
| | ) |
| LITTLE TOKYO PARTNERS, L.P., | ) Chapter 11 |
| a Delaware limited partnership, | ) |
| | ) **SUBMISSION OF EXHIBIT 1 TO ORDER** |
| Debtor. | ) **APPROVING MODIFICATION OF THE** |
| | ) **ADA SETTLEMENT IN CONNECTION** |
| | ) **WITH THE MOTION FOR ORDER (1)** |
| | ) **APPROVING SETTLEMENT WITH** |
| | ) **FIRST-CITIZENS BANK & TRUST** |
| | ) **COMPANY, (2) DISMISSING CHAPTER 11** |
| | ) **CASE PURSUANT TO BANKRUPTCY** |
| | ) **CODE SECTION 1112(b), AND (3)** |
| | ) **DISMISSING THE ADVERSARY** |
| | ) **PROCEEDING WITH PREJUDICE** |
| | ) |
| | ) |
| | ) Hearing |
| | ) |
| | ) Date:    March 29, 2011 |
| | ) Time:    2:00 p.m. |
| | ) Ctrm:    Courtroom 1668 |
| | )          255 E. Temple St. |
| | )          Los Angeles, CA  90012 |
| | ) |

1               Submission of Exhibit "1" to the Order Approving Modification Of The ADA

2   Settlement In Connection With The Motion For Order (1) Approving Settlement With First-Citizens

3   Bank & Trust Company, (2) Dismissing Chapter 11 Case Pursuant To Bankruptcy Code Section

4   1112(b), and (3) Dismissing The Adversary Proceeding With Prejudice, which is being lodged

5   concurrently herewith.

6

7

8                                      RESPECTFULLY SUBMITTED BY:

9                                        */s/ Christine M. Pajak*

10                                  JEFFREY C. KRAUSE, and
CHRISTINE M. PAJAK, Members of
STUTMAN, TREISTER & GLATT

11   PROFESSIONAL CORPORATION
Reorganization Counsel for

12   Debtor and Debtor in Possession

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

1 | TIMOTHY S. THIMESCH, ESQ., No. 148213
     tim@thimeschlaw.com
2 | GENE A. FARBER, ESQ., No. 44215 – Of Counsel
     genefarber@gmail.com
3 | 158 Hilltop Crescent
  | Walnut Creek, CA 94597-3452
4 | Tel: 925/588-0401
  | Fax: 888/210-8868

5 | Attorneys for Plaintiff HUGH MARSH and NEVA LEMA

6 | [Additional Counsel Listed on Next Page]

7

8 |          UNITED STATES BANKRUPTCY COURT

9 |          CENTRAL DISTRICT OF CALIFORNIA

10 |             LOS ANGELES DIVISION

11

12 | In re                          | Case No. 2:10-39113-BR

13 | LITTLE TOKYO PARTNERS, L.P.,    | Chapter 11
   | a Delaware limited partnership,

14

15

16 |      Debtor.

17 | HUGH MARSH and NEVA LEMA,       | Adv. Proc. No._____

18 |          Plaintiffs,           | **[Proposed] CONSENT DECREE ORDER

19 | v.                             | AND JUDGMENT**

20 | GRAND KYOTO HOTEL; LITTLE TOKYO
   | PARTNERS, L.P.; LITTLE TOKYO
21 | PARTNERS, LLC; CRESTLINE HOTELS
   | AND RESORTS, INC.; and DOES 1
22 | THROUGH 50, Inclusive,

23

24 |          Defendants.

25

26

27

28

CONSENT DECREE ORDER AND JUDGMENT

1

THOMAS P. GMELICH, ESQ. State Bar No. 166562

2

G. DEAN GUERRERO, ESQ., State Bar No. 228625
BRADLEY & GMELICH

3

700 North Brand Boulevard, 10th Floor
Glendale, California 91203-1422

4

Telephone: (818) 243-5200
Facsimile: (818) 243-5266

5

6

DAVID H. RAIZMAN, ESQ., No. 129407
EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd 11FL

7

Los Angeles, CA 90024
Telephone: (310) 445-4400

8

Facsimile: (310) 445-4410

9

Attorneys for Defendants LITTLE TOKYO PARTNERS, L.P. dba KYOTO
GRAND HOTEL AND GARDENS erroneously named and sued as Grand Kyoto Hotel; LITTLE

10

TOKYO PARTNERS, LLC; AND CRESTLINE HOTELS & RESORTS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**CONSENT DECREE ORDER AND
JUDGMENT**

— 2 —

## FULL CONSENT DECREE JUDGMENT AND ORDER

1.      Each of Plaintiffs HUGH MARSH and NEVA LEMA ("Plaintiffs") is a person with a disability whose condition requires use of a wheelchair for mobility.  Defendant LITTLE TOKYO PARTNERS, L.P. owns the Kyoto Grand Hotel & Gardens located at 120 South Los Angeles Street, Los Angeles, California (erroneously named and sued as Grand Kyoto Hotel – the "Hotel"), and defendant CRESTLINE HOTELS & RESORTS, INC. ("Crestline") operates the Hotel. Defendant Little Tokyo Partners, LLC ("LTP LLC") is the managing partner of Little Tokyo Partners ("LTP").  LTP, LTP LLC and Crestline are collectively referred to in this Consent Decree as "Defendants."

2.      Plaintiffs HUGH MARSH and NEVA LEMA filed this action and adversary proceeding for themselves and on behalf of all other similarly situated members of the general public to vindicate their rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and corresponding California law, including enforcement of Title 24 of the California Code of Regulations.

3.      Plaintiffs allege that Defendants violated these statutes by failing to provide full and equal access and related facilities at the Hotel, including, but not limited to, the parking facilities, passenger unloading, entrance and porte-cochere facilities, the accessible route from the public right of way and throughout the Hotel, the registration desk, the bar, the restaurant, the Japanese Garden, the conference room and banquet facilities, and the guestrooms themselves.  Specific identification of the facilities and their deficiencies has been identified informally by the parties through Plaintiffs' inspection, an exchange of information and consultation.

4.      Plaintiffs allege that the subject buildings have undergone construction triggering the requirement of full compliance with regulations for altered facilities, and that further Defendants could easily afford to makes the Hotel accessible without significant difficulty or expense.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**CONSENT DECREE ORDER AND
JUDGMENT**

## STIPULATIONS

5.    **Plaintiffs' Qualified Disability.**  For purposes of this action and adversary proceeding only, each of the Plaintiffs qualifies as a person with a physical disability and requires the use of a wheelchair for mobility.

6.    **Plaintiffs' Residence and Status as Aggrieved and Potentially Aggrieved.** Each of the Plaintiffs alleges that he or she has standing, that he or she is a frequent traveler to downtown Los Angeles and the general location of this Hotel, that he or she has stayed at the Hotel, that he or she has each been deterred on specific occasions from returning to the Hotel by the subject barriers, and that he or she would like to stay at the Hotel again when it is made fully accessible as outlined herein.  While the Defendants do not admit all of the foregoing allegations, they agree that sufficient undisputed facts exist to support each Plaintiff's qualification as "aggrieved and potentially aggrieved" under the relevant statutes, and to qualify each to have full standing under Article III of the U.S. Constitution.

7.    **Ownership, Operation and Lease of the Hotel.** LTP owns, and Crestline operates, the Hotel, and LTP also leases portions of the Hotel to third parties, which together comprise the business of the Hotel and which includes the scope of facilities identified in paragraph 11 below.

8.    **Qualified Facilities.**  The business and its facilities and services each qualify as a "public accommodation" and "commercial facility" under all applicable statutes and regulations.

9.    **Construction History.**  For purposes of this action and adversary proceeding only, the parties stipulate that all facilities in issue have undergone sufficient and recent alteration and/or new construction to require at least some level of compliance with the requirements of the 2008 Edition of Title 24, Part 2, of the California Code of Regulations and the Americans With Disabilities Act Accessibility Guidelines published in 1992.  The scope of facilities to be corrected under this Consent Decree Judgment and Order are identified in paragraph 11.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

CONSENT DECREE ORDER AND
JUDGMENT

—4—

10. **Admission of Liability.** In entering this Consent Decree, LTP admits liability to some degree on certain of the claims for relief and to a portion of the remedies sought by Plaintiffs, and that this action and adversary proceeding vindicates to a material degree Plaintiffs' rights under the Unruh Civil Rights Act at Civil Code Section 51 and the Disabled Persons Act at Section 54.1. The Parties agree that Crestline was in no way responsible for the construction of any of the architectural features or conditions of the Hotel and has no responsibility for the Hotel's architectural remediation.

11. **Scope of Facilities in Issue.** The following are the facilities affected by this Consent Decree Judgment and Order:

(a)    The continuous accessible route from the public right of way and boundary of the site to the main entrance and connecting with all elements, facilities and services offered at the Hotel;

(b)    The parking;

(c)    The registration desk;

(d)    The lobby bar;

(e)    The Hotel restaurant;

(f)    The banquet and conference facilities;

(g)    The Japanese Garden; and

(h)    The designated accessible guestrooms; and

All of the foregoing facilities are facilities available for use by guests of the Hotel under the terms and conditions by which guests otherwise have access to such facilities.

## JURISDICTION

12.    The facts requisite to federal jurisdiction and venue are admitted. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 for the alleged violations of the ADA, 42 U.S.C. §§ 12101, *et seq.* Article III jurisdiction is proper due to each Plaintiff's allegations of continued exposure and use of the Hotel and general downtown Los Angeles area for leisure and business purposes. Supplemental jurisdiction of the state law claims arises from a common

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

CONSENT DECREE ORDER AND
JUDGMENT

— 5 —

1   nucleus of fact and is proper.  Venue and intra-district jurisdiction is proper as the property in

2   issue is located in Los Angeles County.

3        13.    This Consent Decree Judgment and Order is contingent upon Court approval

4   and acceptance of its terms, and full retention of jurisdiction to interpret and enforce terms.

5        14.    The parties agree to entry of this Consent Decree Judgment and Order in order

6   to resolve the below listed allegations raised in the Complaint filed with this Court on March 1,

7   2010.  Accordingly, they agree to the entry of this Consent Decree Judgment and Order without

8   trial or further adjudication of any issues of fact or law concerning the issues specified herein.

9        WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this

10  Consent Decree Judgment and Order, which provides as follows:

11

12  **RESOLUTION OF ISSUES:**

13       15.    This Consent Decree Judgment and Order shall be a full, complete, and final

14  disposition and settlement of the below claims that have been or could have been alleged in the

15  Complaint, including for injunctive relief, declaratory relief, statutory and compensatory

16  damages, and including personal and bodily injury.  This Consent Decree Judgment and Order

17  was negotiated and reached through negotiations between the parties.  The Court shall retain

18  jurisdiction of this action to enforce and interpret this Consent Decree Judgment and Order.

19  The parties agree that if they or any of them seek Court enforcement of this Consent Decree

20  Judgment and Order, any such enforcement will be by noticed motion, application or other

21  appropriate request for an order for specific performance, and/or through contempt citation.

22       16.    This Consent Decree Judgment and Order is expressly conditioned on the entry

23  of an order dismissing the Debtor's chapter 11 case Court.

24  **INJUNCTIVE RELIEF**

25       17.    As a part of a compromise of global liability, Defendants agree that, except

26  where noted (it being recognized and acknowledged by all parties that certain of the Defendants

27  have no legal capacity or ability to effect some of the relief ordered below), each shall be

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

CONSENT DECREE ORDER AND
JUDGMENT                                                                — 6 —

jointly and severally responsible to perform the following work to provide disabled access at the Hotel:

1) **Parking:** To meet Plaintiffs' demand that the Hotel provide additional disabled accessible parking spaces in the garage, and considering the dates of construction and alteration of the Hotel and the difficulty and expense associated with such relief, the Parties agree that LTP shall cause Hotel staff to valet park and retrieve properly-tagged vehicles with disabled parking placards or license plates carrying Hotel guests with disabilities in the Hotel garage, provided that the operators of such vehicles agree that the valet parkers are authorized and qualified to park and retrieve such vehicles. The Hotel shall charge no fee for such valet parking and retrieval services beyond the amount that would otherwise be charged had these guests self-parked in the garage.

2) **Porte-Cochere:**

i) **Accessible Route from Public Right of Way and Boundary:** LTP shall construct a compliant walkway proceeding in an approximate right angle from the public sidewalk on Los Angeles Street across the drive aisle of the porte-cochere and to the front entrance such that its slope is no greater than 5% maximum with level landings, if otherwise required, every 30 feet, or the greater slope of 8.33% maximum if the required elements of a ramp are provided. The location of this accessible route shall be designated by signage placed at the street access point to the Hotel on both First Street and Los Angeles Streets.

ii) **Smoking Area.** LTP and Crestline will place "No Smoking" signage in the area in the Porte Cochere where an ash receptacle is currently placed and will remove the ash receptacle.

*Thimesch Law Offices*
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

CONSENT DECREE ORDER AND
JUDGMENT

— 7 —

iii)  **High Top Van Storage.**  LTP shall paint an area of the Porte Cochere drive aisle for storage of a single high-top van for self-parking by a disabled Hotel guest with a properly-tagged vehicle with disabled parking placards or license plates.  This parking area shall be on an accessible route of travel to and from the Hotel's front entrance.  LTP shall create and implement a written policy (backed by staff training) to regulate the availability of this parking for qualified disabled guests who arrive in qualified high-topped vans.  The parties expressly agree that this item is a compromise on disputed liability, and that the area for high-topped van storage need not comply with the requirements for van accessible parking.

3)  **Registration Desk:** LTP shall provide ISA signage on the registration desk designating the location and availability of the existing roll-out registration counter.  The parties agree that the roll-out registration counter provides "equivalent facilitation" within the meaning of ADAAG 7.2(2)(iii).

4)  **Guestrooms:**

i)  **Number and Range of Accommodation:** LTP shall modify the amenities and designs of nine (9) guestrooms at the Hotel to make them fully accessible and usable by disabled persons, as further specified herein.  Three (3) of these nine (9) guestrooms shall each be equipped with a roll-in shower.  One of these guestrooms will be among those classified as suites on the Twenty-First (21st) floor.

ii)  **Strike Edge Clearance.**  LTP shall modify all designated disabled guestrooms entrances by installing automatic door

CONSENT DECREE ORDER AND
JUDGMENT

— 8 —

openers that are activated from the exterior by the slide reader (Ving Brand Card Readers or equivalent), or similar door-opening device, and on the interior by a push paddle installed in an accessible location and at an accessible height, or similar device.

iii)  **Closets.**  LTP shall ensure that the shelves in the designated disabled guestroom closets shall be lowered to a height of no more than 48 inches above the finished floor.  LTP shall also modify all such closets that are over 24 inches deep so that the clear opening of the door width is at least 32 inches.  LTP shall also lower the iron set and all other amenities in such closets so that they are set at no more than 48 inches above the finished floor.

iv)  **Peep Holes.**  LTP shall ensure that all designated disabled guestrooms shall be equipped with a peephole set at no more than 48 inches above the finished floor.

v)  **HVAC Controls.**  LTP shall ensure that any HVAC thermostat or control in a designated disabled guestroom shall be relocated to a position that provides clear floor space at the front of 30 x 48 inches, and mounted no higher than 48 inches above the finished floor, or 54 inches if placed in the hallway where a side approach may be achieved.

vi)  **Lamp Fixtures.**  LTP shall ensure that all lamp fixtures in designated disabled guestrooms shall be touch type, or provided with activating switches that do not require grasping, pinching or twisting of the wrist.

vii)  **Batons.**  LTP shall ensure that all batons on window dressing in

**CONSENT DECREE ORDER AND JUDGMENT**

—9—

designated disabled guestrooms shall be extended or replaced so that the bottom is set no higher than 48 inches above the finished floor.

viii)    **Desk.**  LTP shall ensure that the desks provided in designated disabled guestrooms shall have a minimum knee clearance space of 27 inches above the finished floor.

ix)    **Accessible Route.** LTP shall ensure that the path of travel to all usable areas of each designated disabled guestroom shall have a minimum clear width of 36 inches, and shall connect to the clear floor spaces serving all elements, facilities, controls and amenities within the room.  The parties agree that such path of travel need not be provided to areas of the guestrooms that have no such elements, facilities, controls and amenities.

x)    **Refrigerators.**  LTP shall ensure that the refrigerators located within cabinets in the designated disabled guestrooms shall provide swing clear hinges for cabinet doors, or such other means or mechanisms, that will provide a clear floor space in front of the refrigerator.

xi)    **Bathrooms.**

a)    **Entrance Doors.** LTP shall ensure that all designated disabled guestrooms equipped with pocket doors serving the bathroom shall be modified to provide a minimum clear opening of 32 inches.  The pocket doors shall be provided with D handles or push plates for operating, and shall also be provisioned with locking mechanisms that do not require pinching, grasping, or turning of the wrist to operate.  For rooms equipped with swinging doors, LTP

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**CONSENT DECREE ORDER AND
JUDGMENT**

shall switch the outward swing of the hinged door to the opposite side if necessary to allow a side approach from the bedroom.

b) **Lavatory.** LTP shall ensure that the lavatories in designated disabled guestrooms shall be modified to provide a minimum knee clearance space of 11 inches of depth at 9 inches above the finished floor and 8 inches of depth at 27 inches above the finished floor. LTP shall also ensure that the drain pipes and hot water feeds of the lavatories in designated disabled guestrooms are properly insulated and/or configured to prevent human contact associated with ordinary use of the lavatory.

c) **Lavatory Clear Floor Space.** LTP shall ensure that the lavatory in each of the designated disabled guestrooms shall provide a minimum clear floor space in front of the front face of the lavatory that is a minimum of 30 x 48 inches.

d) **Water Closets.** LTP shall ensure that the water closets in the designated disabled guestrooms shall be mounted such that the centerline of the water closet is 18 inches from the side wall, the seat is at a height of between 17 and 19 inches above the finished floor, and have a minimum of 48 inches of clear transfer space in front of the toilet.

e) **Grab Bars.** LTP shall ensure that all toilets in the designated disabled guestrooms shall have compliant grab bars mounted in the correct position behind and on the wall side of the toilet. House phones and other amenities

*Thimesch Law Offices*
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**CONSENT DECREE ORDER AND JUDGMENT**

— 11 —

that are mounted less than 12 inches above the grab bar (and obstruct use of the grab bar) shall be relocated to another accessible location.

f)    **Roll-in Showers.** All roll-in showers in those designated disabled guestrooms containing roll-in showers shall be equipped with a fixed drop down seat that is mounted adjacent to the shower mixing valve and wand (*i.e.*, mounted within 12 inches of the front face of the fixed seat). Mixing valves shall be located below the grab bar. The shower wand shall have adjusting mechanisms that do not require grasping, pinching or turning of the wrist.

g)    **Tubs.** LTP shall ensure that all bathrooms in designated disabled guestrooms that are equipped with tubs shall have compliant grab bar configuration consisting of double 36 inch bars on the back wall centered, with the bottom bar being 8-10 inches above the tub rim, and the second being 33-36 inches above the finished floor. LTP shall ensure that all designated disabled guestrooms equipped with tubs shall be provided with transfer benches.

5)    **Bar in Registration Lobby:**

i)    **Access Ramp:** LTP shall ensure that the slope of the access ramp serving the bar in the Hotel lobby shall be corrected so that its slope is no more than 8.33%. The handrails shall be replaced to provide a compliant cross-section that is between 1 1/4 inches and 2 inches in diameter or another compliant variation allowed by code.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

CONSENT DECREE ORDER AND
JUDGMENT

ii)    **Table:** LTP shall ensure that the table surface of at least one booth in the Hotel lobby bar shall be extended outward from the pedestal base to provide knee clearance space of 8 inches in depth at 27 inches above the finished floor.

6)    **Restaurant:**

i)    **Access Ramp:** LTP shall ensure that the handrails in the restaurant currently known as the "Azalea" shall have a cross-section that is between 1 1/4 inches and 2 inches in diameter or another compliant variation allowed by code.

ii)    **Table Count:** LTP shall ensure that the restaurant currently known as the "Azalea" shall provide at least four tables (but no more than the number of tables accounting for 5% of all restaurant seating) with knee clearance space of 8 inches of depth at 27 inches in height above the finished floor. Pedestal bases shall not be permitted to extend into this area unless they provide a minimum 30 inches of width of toe clearance and 8 inches of knee clearance at 27 inches in height above the finished floor.

7)    **Japanese Garden:**

**Lower Stone Deck.** LTP shall ensure that there is a ramp or other vertical means of access to the lower stone deck in the Hotel's Japanese Garden and shall provide one compliant table with required knee clearance space of 8 inches of depth at 27 inches in height above the finished floor.

8)    **Business Center:** LTP shall ensure that the business center in the Hotel has at least one accessible computer desk with compliant knee clearance space of 8 inches of depth at 27 inches in height above the finished floor.

18.    **Performance Standards.** Except where the parties have otherwise expressly

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

1  agreed above, all of the foregoing work shall be performed in material compliance with the

2  performance standards for altered facilities of the California Code of Regulations, Title 24-2

3  (2008), and Americans with Disabilities Act Accessibility Guidelines, effective January 26,

4  2012. Defendants shall comply with the requirements of these standards, and hereby release all

5  alleged defenses to full compliance such as hardship, legal and physical constraint, technical

6  infeasibility, cost-cap, etc. The parties expressly agree that Defendants need not undertake any

7  work under this Consent Decree Order and Judgment that is not required under any of the

8  performance standards noted above. Where the agreed performance standards have departed

9  from the literal standards of the applicable design guidelines and codes, the parties agree that

10  such departures are justified under the facts and circumstances of this case as the compromise

11  of a disputed claim.

12      19.    **Conflict in Performance Standards.** The parties acknowledge that each of the

13  architectural features specified in paragraph 17 are regulated in near parallel fashion as

14  "barriers to disabled access" under both Title 24 and the Americans With Disabilities Act

15  Accessibility Guidelines, and the corresponding statutory remedies. However, in the event of a

16  conflict between the two sets of regulations identified in the proceeding paragraph, the

17  provisions that supply maximum protection and accessibility to the disabled shall apply.

18      20.    **Option to Close/Alter Facilities or Feature.** In lieu of making modification to

19  any particular facility or amenity called for by this decree, the Defendants may choose to

20  permanently close such facility or amenity from public use. Such facilities shall not be

21  reopened for public use without provision of full disabled access pursuant to the terms of

22  paragraph 17. Nothing in this Consent Decree shall prevent Defendants from making future

23  modifications or alterations to the Hotel that may impact, modify or remove or close one or

24  more of the facilities or features of the Hotel identified in paragraph 17, provided that any such

25  modification or alteration shall result in compliance with then applicable standards and

26  guidelines for disability access under both federal and California law and provided further that

27  the removal or closure of any feature or facility shall also be removed and closed for persons

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

CONSENT DECREE ORDER AND
JUDGMENT

— 14 —

1    who are not disabled.

2        21.    **Time for Compliance.** As to all other work, LTP shall submit plans and apply

3    for any necessary permits for this work within 60 days of the entry of this Order on the docket

4    of the Court, and complete all such work within one year of receiving permits, allowing for

5    good faith interruptions due to inclement weather, permitting or certificate of occupancy

6    delays, contractor unavailability, and other causes under the common law doctrine of *force*

7    *majeure*. Permits from the building department shall be secured for all work where required.

8    LTP shall  provide written notice regarding the status of completion by the later of 15 months

9    after entry of this order and 13 months after the issuance of the last necessary building permit.

10   Within 30 days of completion of the work called for by this Consent Decree, LTP shall provide

11   Plaintiffs, their attorneys and consultants with physical access to inspect, measure and

12   photograph the facilities to verify the completed work complies with the terms herein.

13       22.    **Enforcement.** Should Plaintiffs in the future become aware of any facts or

14   conditions relating to the subject Hotel that may give rise to a claim that Defendants have failed

15   to comply with any of the injunctive relief provisions set forth herein, Plaintiff shall be

16   permitted to file a noticed motion under the current case number of this action or adversary

17   proceeding seeking enforcement of this Consent Decree Judgment and Order, as well as

18   contempt of Court, provided that Defendants reserve all of their rights to contest any relief

19   sought by Plaintiffs by way of such motion or proceeding.  The "prevailing party" in such

20   motion proceedings, whether in full or in part, <u>may</u> be entitled to an award of reasonable

21   attorney fees, litigation expenses and costs for such motion, i.e., the fee recovery shall be

22   pursuant to the normal prevailing party standards that applied under the subject statutes before

23   entry of this decree, under the subject fee shifting statutes named in the complaint and

24   <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412 (1978).  Defendants may be entitled to

25   recovery of attorney's fees on such a motion or in such a proceeding only upon proof that

26   Plaintiffs' motion is frivolous, without basis in fact or law or brought in bad faith.

27

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**CONSENT DECREE ORDER AND
JUDGMENT**

— 15 —

**DECLARATORY RELIEF**

23.    In resolution of Plaintiff's claim for declaratory relief, Defendants hereby stipulate, that by this Consent Decree Judgment and Order, the barriers identified herein for correction, at paragraph 17, supra, constitute past and present violations of Plaintiffs' rights under Title III of the Americans with Disabilities Act of 1990, and/or California Civil Code Sections 51 and 54.1.

**STATUTORY DAMAGES.**

24.    LTP agrees to pay (a) to TRC Optimum Fund, LLC ("TRC Optimum"), as assignee of certain monetary claims of the Plaintiffs, the total amount of $135,000 pursuant to the separate settlement agreement with TRC Optimum, and (b) to pay an additional $5,000 in damages made payable to "Tim Thimesch, in trust." The combination of these payments shall be in full and final satisfaction of each of his or her claims for bodily and personal injury and for the statutory damages applicable thereto, under Civil Code Sections 52 and 54.3. The $5,000 check (and the $10,000 check under Paragraph 27, below) shall be delivered to the office of counsel of record for Plaintiffs by messenger or courier on or before April 19, 2011. If a courier service is used, LTP shall supply Plaintiffs' counsel with a tracking number for the delivery of the check. Plaintiffs agree that LTP's payment obligation is expressly contingent on Plaintiffs' delivery to LTP's counsel of record of a completed and executed Forms W-9 for each of the Plaintiffs and further agree that the time for delivery of the check will not start to run until ten (10) days after delivery and receipt of the completed and executed Forms W-9.

25.    The parties recognize that no part of this action and judgment seeks to resolve any statutory damage claims of other members of the general public that may exist under Civil Code Sections 51 and 54.1.

26.    The parties stipulate that the foregoing amounts are intended to be paid in full to Plaintiffs, and understand that no part of it shall be received by Plaintiffs' counsel in compensation toward Plaintiffs' separate claim for reasonable statutory attorneys' fees,

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**CONSENT DECREE ORDER AND
JUDGMENT**

— 16 —

1    litigation expenses, and costs.

2

3    **ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

4         27.    The payment that LTP previously agreed to pay Plaintiffs' counsel of record in

5    this action or adversary proceeding in the total amount of $100,000 in full and final satisfaction

6    of Plaintiffs' claims for attorneys' fees, expenses and costs (including expert consultant or

7    expert witness costs), shall be deemed satisfied by the payment to TRC Optimum, the $5,000 in

8    additional damages to be delivered to counsel pursuant to paragraph 24, above, and an

9    additional $10,000 in attorneys' fees and costs made payable to "Tim Thimesch, in trust." The

10   $10,000 check shall be delivered to the office of counsel of record for Plaintiffs by messenger

11   or courier on or before April 19, 2011. If a courier service is used, LTP shall supply Plaintiffs'

12   counsel with a tracking number for the delivery of the check.   Plaintiffs agree that LTP's

13   payment obligation is expressly contingent on Plaintiffs' counsel's delivery to LTP's counsel of

14   record of a completed and executed Form W-9 for each of the law firms and/or lawyers sharing

15   in this payment and further agree that the time for delivery of the check will not start to run

16   until ten (10) days after delivery and receipt of the completed and executed Form(s) W-9.

17

18   **ENTIRE CONSENT DECREE JUDGMENT AND ORDER:**

19        28.    Except for the Settlement Agreement And Release Of Claims entered into by the

20   parties on or about September 13, 2010, this Consent Decree Judgment and Order constitutes

21   the entire agreement between the parties on the matters of injunctive relief, and no other

22   statement, promise, or agreement, either written or oral, made by any of the parties or agents of

23   any of the parties, that is not contained in this written Consent Decree Judgment and Order,

24   shall be enforceable regarding the matters described herein.

25

26   **CONSENT DECREE JUDGMENT AND ORDER BINDING ON PARTIES AND**

27   **SUCCESSORS IN INTEREST:**

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

CONSENT DECREE ORDER AND
JUDGMENT

— 17 —

29.    The parties agree and represent that they have entered into this Consent Decree Judgment and Order voluntarily, under no duress, and wholly upon their own judgment, belief, and knowledge as to all matters related to this Consent Decree Judgment and Order, after having received full advice from counsel.

30.    This Consent Decree Judgment and Order shall be binding on Plaintiffs HUGH MARSH and NEVA LEMA, and on the Defendants; and any successors in interest.  During the period of this Consent Decree Judgment and Order and the Court's jurisdiction over this Consent Decree Judgment and Order, the parties have a duty to so notify any of his, her or its successors in interest of the existence and terms of this Consent Decree Judgment and Order.

**JOINT PREPARATION AND SEVERABILITY:**

31.    This Consent Decree Judgment and Order is deemed jointly prepared by all parties and shall not be strictly construed against any party as its drafter.  If any term of this Consent Decree Judgment and Order is determined by any court to be unenforceable, the other terms of this Consent Decree Judgment and Order shall nonetheless remain in full force and effect, except that the Parties agree that any ruling that paragraph 16 is invalid or unenforceable shall render this entire Consent Decree Judgment and Order null, void and of no further force or effect.

**SIGNATORIES BIND PARTIES:**

Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree Judgment and Order.  This Consent Decree Judgment and  Order may be executed in counterpart signatures, and such signatures may be attached in counterparts, each of which shall be deemed an original, and which together shall constitute one and the same instrument. Such counterparts may be signed as faxed signatures, which shall have the same force and effect as original signatures.

Dated: April __, 2011

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**CONSENT DECREE ORDER AND
JUDGMENT**

1

2          _____
           HUGH MARSH

3   Dated: April 7, 2011

4          _____

5          NEVA LEMA

6   Dated: April __, 2011                    LITTLE TOKYO PARTNERS, L.P.

7                                    BY:    LITTLE TOKYO PARTNERS, LLC,
                                            Its Managing Partner
8

9                                    Please Print
                                     Officer's Name:
10

11         _____

12
                                     Title: _____
    Dated: April __, 2011
13
                                     LITTLE TOKYO PARTNERS, LLC
14
                                     Please Print
15                                   Officer's Name:

16         _____

17
                                     Title: _____
18  Dated: April __, 2011
19                                   CRESTLINE HOTELS & RESORTS, INC.

20
                                     Please Print
21                                   Officer's Name:

22         _____

23
                                     Title: _____
24

25

26

27

28

**CONSENT DECREE ORDER AND
JUDGMENT**

— 19 —

1

2                                            HUGH MARSH
                                             _____
3    Dated: April 7, 2011

4                                            _____
                                             NEVA LEMA
5

6    Dated: April __, 2011                          LITTLE TOKYO PARTNERS, L.P.

7                                            BY:    LITTLE TOKYO PARTNERS, LLC,
                                                    Its Managing Partner
8
                                             Please Print
9                                            Officer's Name:

10                                           _____

11

12                                           Title: _____

13   Dated: April __, 2011
                                             LITTLE TOKYO PARTNERS, LLC
14
                                             Please Print
15                                           Officer's Name:

16                                           _____

17                                           Title: _____

18   Dated: April __, 2011
                                             CRESTLINE HOTELS & RESORTS, INC.
19

20                                           Please Print
                                             Officer's Name:
21
                                             _____
22

23                                           Title: _____

24

25

26

27

28

Thimach Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**CONSENT DECREE ORDER AND
JUDGMENT**

549699v.4

                                                                    —19—

1

2  _____
   HUGH MARSH

3  Dated: April ___, 2011

4  _____

5  NEVA LEMA

6  Dated: April ___, 2011            LITTLE TOKYO PARTNERS, L.P.

7  BY:   LITTLE TOKYO PARTNERS, LLC,
             Its Managing Partner

8

9  Please Print
   Officer's Name: *Joseph Daneshgar*

10 _____

11

   Title: *Manager*

12

13 Dated: April ___, 2011            LITTLE TOKYO PARTNERS, LLC

14 Please Print
   Officer's Name: *Joseph Daneshgar*

15

16 _____

17

   Title: *Manager*

18 Dated: April ___, 2011

19 CRESTLINE HOTELS & RESORTS, INC.

20 Please Print
   Officer's Name:

21

22 _____

23 Title: _____

24

25

26

27

28

Fishmarsh Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

1

2

3    Dated: April ___, 2011

4

5

6    Dated: April ___, 2011

7

8

9

10

11

12

13    Dated: April ___, 2011

14

15

16

17

18    Dated: April 8, 2011

19

20

21

22

23

24

25

26

27

28

HUGH MARSH
_____

NEVA LEMA
_____

LITTLE TOKYO PARTNERS, L.P.

BY:    LITTLE TOKYO PARTNERS, LLC,
       Its Managing Partner

Please Print
Officer's Name:

_____

Title: _____

LITTLE TOKYO PARTNERS, LLC

Please Print
Officer's Name:

_____

Title: _____

CRESTLINE HOTELS & RESORTS, INC.

_____
Please Print
Officer's Name:

_Elizabeth Lieberman_____

Title: _Executive Vice President____

**CONSENT DECREE ORDER AND
JUDGMENT**

1    **APPROVED AS TO FORM:**

2    Dated: April __7__, 2011                          THIMESCH LAW OFFICES
                                                        TIMOTHY S. THIMESCH, ESQ.
3                                                       GENE A. FARBER, ESQ. – Of Counsel

4

5                                                       _____
                                                        Attorneys for Plaintiffs
6                                                       HUGH MARSH and NEVA LEMA

7    Dated: April ___, 2011                            EISENBERG RAIZMAN THURSTON & WONG
                                                        LLP
8                                                       DAVID H. RAIZMAN, ESQ.

9                                                       BRADLEY & GMELICH

10

11                                                      _____

12                                                      Attorneys for Defendants
                                                        LITTLE TOKYO PARTNERS, L.P. dba KYOTO
13                                                      GRAND HOTEL AND GARDENS erroneously
                                                        named and sued as Grand Kyoto Hotel; LITTLE
                                                        TOKYO PARTNERS, LLC; AND CRESTLINE
14                                                      HOTELS & RESORTS, INC.

15

16

17

18                                                      **ORDER**

19          **IT IS SO ORDERED.**

20    Dated: _____           _____
                                                        Honorable Barry Russell
21                                                      U.S. Bankruptcy Judge

22

23

24

25

26

27

28

CONSENT DECREE ORDER AND                                            — 20 —
JUDGMENT

549699v.4

1

**APPROVED AS TO FORM:**

2

Dated: April __, 2011

THIMESCH LAW OFFICES
TIMOTHY S. THIMESCH, ESQ.

3

GENE A. FARBER, ESQ. – Of Counsel

4

5

_____

Attorneys for Plaintiffs

6

HUGH MARSH and NEVA LEMA

7

Dated: April 8, 2011

EISENBERG RAIZMAN THURSTON & WONG
LLP

8

DAVID H. RAIZMAN, ESQ.

9

BRADLEY & GMELICH

10

11

_____

Attorneys for Defendants

12

LITTLE TOKYO PARTNERS, L.P. dba KYOTO

13

GRAND HOTEL AND GARDENS erroneously
named and sued as Grand Kyoto Hotel; LITTLE
TOKYO PARTNERS, LLC; AND CRESTLINE

14

HOTELS & RESORTS, INC.

15

16

17

18

**ORDER**

19

     **IT IS SO ORDERED.**

20

Dated: _____

_____

21

Honorable Barry Russell
U.S. Bankruptcy Judge

22

23

24

25

26

27

28

**CONSENT DECREE ORDER AND
JUDGMENT**

— 20 —

| In re:<br>LITTLE TOKYO PARTNERS, a Delaware limited partnership,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 2:10-39113-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **ORDER APPROVING MODIFICATION OF THE ADA SETTLEMENT IN CONNECTION WITH THE MOTION FOR ORDER (1) APPROVING SETTLEMENT WITH FIRST-CITIZENS BANK & TRUST COMPANY, (2) DISMISSING CHAPTER 11 CASE PURSUANT TO BANKRUPTCY CODE SECTION 1112(b), AND (3) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April ___, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **April 8, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

*See Exhibit A attached hereto and incorporated herein by reference.*

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 8, 2011 | Denice Sanchez | *Denice Sanchez* |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
548091v1

**F 9013-3.1.PROOF.SERVICE**

| In re:<br>LITTLE TOKYO PARTNERS, a Delaware limited partnership,<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER  2:10-39113-BR |
| --- | --- |

## Exhibit A

**SERVED VIA U.S. MAIL**

Honorable Barry Russell
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

**SERVED VIA U.S. MAIL**

Little Tokyo Partners (6325)
General Service List
Doc #542310 – Rev. 11/29/10

| | | |
| --- | --- | --- |
| Little Tokyo Partners LP<br>1880 Century Park East Suite 810<br>Los Angeles, CA 90067 | Office of the US Trustee<br>725 S Figueroa St<br>Suite 2600<br>Los Angeles, CA 90017 | Frandzel Robins Bloom Csato<br>Bernard Given, Esq./Peter Csato, Esq.<br>6500 Wilshire Blvd 17th Fl.<br>Los Angeles, CA 90048-4920 |
| First Citizens Bank and Trust<br>1801 Century Park East Suite 800<br>Los Angeles, CA 90067 | Excell Investment Group, LLC<br>23586 Calabasas Rd. #100<br>Calabasas, CA 91302 | Internal Revenue Service<br>PO Box 21126<br>Philadelphia, PA 19114 |
| Counsel for the Official Committee of<br>Unsecured Creditors<br>Mette Kurth, Esq. / M. Douglas Flahaut, Esq.<br>Arent Fox LLP<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA 90013 | Able Engineering Services<br>Contact: Jim Johnson, VP<br>868 Folsom Street<br>San Francisco, CA 94107 | Waxie Sanitary Supply<br>Attn:  John Olea, Corp. Credit Mngr.<br>PO Box 81006<br>San Diego, CA 92138 |
| Room Service Amenities<br>Attn:  Charmaine Gardner, Accounting<br>Administrator<br>1010 Campus Drive West<br>Morganville, NJ 07751 | LA DWP<br>PO Box 30808<br>Los Angeles, CA 90030 | Crestline Hotels & Resorts<br>Contact: Elizabeth Lieberman, Esq.<br>3950 University Drive Suite 301<br>Fairfax, VA 22030 |
| State of California<br>Board of Equalization<br>PO Box 942870<br>Sacramento, CA 94279 | Bank of America N.A.<br>Attn: Jerri Shephard<br>1185 Avenue of the Americas, 16th Floor<br>New York, NY 10035 | Wells Fargo Bank, N.A.<br>Attn: Michael Barry<br>433 North Camden Drive<br>Beverly Hills, CA 90210 |
| Requests for Notice: | Samuel R. Maizel, Esq.<br>Mary D. Lane, Esq.<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 11th Fl.<br>Los Angeles, CA  90067 | Timothy S. Thimesch, Esq.<br>Gene A. Farber, Esq.<br>Thimesch Law Offices<br>158 Hilltop Crescent<br>Walnut Creek, CA 94597-3452 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
548091v1

**F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| In re:<br>LITTLE TOKYO PARTNERS, a Delaware limited partnership,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 2:10-39113-BR |

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER APPROVING MODIFICATION OF THE ADA SETTLEMENT IN CONNECTION WITH THE MOTION FOR ORDER (1) APPROVING SETTLEMENT WITH FIRST-CITIZENS BANK & TRUST COMPANY, (2) DISMISSING CHAPTER 11 CASE PURSUANT TO BANKRUPTCY CODE SECTION 1112(b), AND (3) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of April 8, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Dan E Chambers    dan.chambers@troutmansanders.com
- Russell Clementson    russell.clementson@usdoj.gov
- Peter Csato    efiling@frandzel.com, ltokubo@frandzel.com;pcsato@frandzel.com
- Moriah D Flahaut    flahaut.douglas@arentfox.com
- Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Bernard R Given    bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Mette H Kurth    kurth.mette@arentfox.com
- Mary D Lane    mlane@pszjlaw.com
- Samuel R Maizel    smaizel@pszjlaw.com, smaizel@pszjlaw.com
- Neeta Menon    nmenon@stutman.com
- Hal M Mersel    mark.mersel@bryancave.com
- Christine M Pajak    cpajak@stutman.com
- Thomas M Robins    efiling@frandzel.com, achase@frandzel.com;trobins@frandzel.com
- Terrel Ross    tross@trcmllc.com
- Kenneth N Russak    krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com
- Meghan C Sherrill    meghan.sherrill@troutmansanders.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐    Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
548091v1

**F 9021-1.1.NOTICE.ENTERED.ORDER**

| In re:<br>LITTLE TOKYO PARTNERS, a Delaware limited partnership,<br><br>                                                Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 2:10-39113-BR |
| --- | --- |

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Christine M. Pajak, Esq.
Stutman, Treister & Glatt
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

☐    Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

See Exhibit "A" attached hereto and incorporated herein by reference

☒    Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
548091v1

**F 9021-1.1.NOTICE.ENTERED.ORDER**

| | |
|---|---|
| In re:<br>LITTLE TOKYO PARTNERS, a Delaware limited partnership,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 2:10-39113-BR |

## Exhibit A

Little Tokyo Partners (6325)
General Service List
Doc #542310 – Rev. 11/29/10

Little Tokyo Partners LP
1880 Century Park East Suite 810
Los Angeles, CA 90067

Office of the US Trustee
725 S Figueroa St
Suite 2600
Los Angeles, CA 90017

Frandzel Robins Bloom Csato
Bernard Given, Esq./Peter Csato, Esq.
6500 Wilshire Blvd 17th Fl.
Los Angeles, CA 90048-4920

First Citizens Bank and Trust
1801 Century Park East Suite 800
Los Angeles, CA 90067

Excell Investment Group, LLC
23586 Calabasas Rd. #100
Calabasas, CA 91302

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

Counsel for the Official Committee of
Unsecured Creditors
Mette Kurth, Esq. / M. Douglas Flahaut, Esq.
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013

Able Engineering Services
Contact: Jim Johnson, VP
868 Folsom Street
San Francisco, CA 94107

Waxie Sanitary Supply
Attn: John Olea, Corp. Credit Mngr.
PO Box 81006
San Diego, CA 92138

Room Service Amenities
Attn: Charmaine Gardner, Accounting
Administrator
1010 Campus Drive West
Morganville, NJ 07751

LA DWP
PO Box 30808
Los Angeles, CA 90030

Crestline Hotels & Resorts
Contact: Elizabeth Lieberman, Esq.
3950 University Drive Suite 301
Fairfax, VA 22030

State of California
Board of Equalization
PO Box 942870
Sacramento, CA 94279

Bank of America N.A.
Attn: Jerri Shephard
1185 Avenue of the Americas, 16th Floor
New York, NY 10035

Wells Fargo Bank, N.A.
Attn: Michael Barry
433 North Camden Drive
Beverly Hills, CA 90210

Requests for Notice:

Samuel R. Maizel, Esq.
Mary D. Lane, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Fl.
Los Angeles, CA 90067

Timothy S. Thimesch, Esq.
Gene A. Farber, Esq.
Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA 94597-3452

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
548091v1

**F 9021-1.1.NOTICE.ENTERED.ORDER**